COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

NUMBER 13-09-00556-CR

 

THE STATE OF TEXAS,                                                       
        Appellant,

 

v.

 

JOSHUA HILD,                                                                        
      Appellee.

                                                                     


 

On appeal from the
347th District Court

of Nueces County,
Texas.

                                                                     


 

NUMBER 13-09-00557-CR

 

THE STATE OF TEXAS,                                                        
        Appellant,

 

v.

 

CALEB HILD,                                                                           
    Appellee.

                                                                     









 

On appeal from the
347th District Court

of Nueces County,
Texas.

                                                                     


MEMORANDUM OPINION

 

                        Before
Justices Yañez, Garza, and Benavides

                             Memorandum
Opinion by Justice Garza

The
State of Texas challenges the trial court=s orders granting pre-trial motions to
suppress evidence and to strike a witness filed by appellees, Joshua Hild and
Caleb Hild.  We affirm.

I. 
Background

On
November 14, 2008, brothers Joshua and Caleb were jointly indicted on one count
of murder.  See Tex. Penal Code
Ann. ' 19.02 (Vernon 2003).  On January 9,
2009, Joshua=s attorney filed a AMotion for Discovery and Inspection@ as well as a AMotion to Produce Exculpatory and
Mitigating Evidence@ with the trial court.  On March 26,
2009, Caleb=s attorney filed a similar AMotion for Discovery and Inspection@ as well as a ARequest for 404(b) Evidence and
Punishment Phase Evidence Pursuant to Article 37.07 C.C.P. and Impeachment
Evidence Under 609(f).@  None of these motions were heard or
ruled upon by the trial court.

On
October 2, 2009, three days before appellees=
trial was scheduled, assistant district attorney Frank Errico informed both
defense attorneys of a DVD recording he had found in the State=s case file.  The recording featured a September 2008 statement
by a Ajail house snitch@ named Frank Garcia, in which Garcia stated what Caleb
had told him Aout in the exercise yard.@[1]  Neither defense attorney was aware
of the status of Garcia as a potential witness, or of the existence of the DVD
recording, until they were informed by Errico three days before trial.[2]

Trial
was set for October 5, 2009.[3] 
On that day, appellees moved for a continuance, noting that the State had just
recently notified the defense of Garcia=s recording and his status as a
potential witness.  Joshua=s attorney explained to the trial
court that he had just learned of Garcia=s statement on October 2, 2009,
despite receiving other discovery material from the State as recently as
December of 2008.  Caleb=s attorney explained to the trial
court:

What was happening is, we had
continuing discovery. [Doug Mann, the prosecutor who had previously worked on
the case,] handed us an [sic] initial discovery packets.  We had an agreement
if anything else came in, it was going to be delivered to us.  He did deliver
the [other] video, DVDs, sometime after the initial discovery of the statements
of all the parties.  Then he delivered photographs to us on one occasion, then
he delivered the 911 tape.  So he was continually delivering things.  He just did
not deliver the snitch from September . . . .

 

Errico
represented to the trial court that the State had possession of the Garcia
video since September of 2008.  He further stated that he did not know what was
previously given to defense counsel by Mann, but that AI told these guys [defense counsel] about [the video] as
soon as I found it.@  Errico then noted that, although the
State has an Aopen file policy,@ it is nevertheless Aincumbent upon [defense counsel] to
come look at our file.@  The trial court asked Errico whether
the DVD recording of Garcia=s statement was actually contained in
the State=s open file; Errico stated that he did
not know.

The
trial court then denied appellees= joint motion for continuance.  Both
defense attorneys then asked the trial court to suppress Garcia=s statement and to strike him as a potential witness. 
The trial court granted the request, and the State appealed.  See Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (Vernon Supp. 2009) (permitting the State to appeal an order granting
a defendant=s motion to suppress evidence).[4]

II. 
Discussion

By
its sole issue, the State contends that the trial court erred by granting
appellees= motion to suppress Garcia=s statement and to strike Garcia as a witness.  Assuming,
without deciding, that the trial court=s rulings were erroneous, we
nevertheless find no reversible error because the State does not contend, and
the record does not establish, that the State=s
Asubstantial rights@ have been affected by the rulings.  See Tex. R. App. P. 44.2(b).  The State
does not, in its appellant=s brief, argue that the prosecution=s case against the Hilds would be detrimentally affected
by the exclusion of Garcia=s statement or his trial testimony. 
Moreover, neither the content of Garcia=s recorded statement nor the content
of his potential trial testimony is apparent from the record before this
Court.  Accordingly, we cannot say that the State=s
Asubstantial rights@ were affected by the trial court=s rulings.  Under such circumstances, we must disregard
any alleged error.  See id.

The
State=s issue is overruled.

III. 
Conclusion

We
affirm the trial court=s judgments.

 

 

________________________

DORI
CONTRERAS GARZA

Justice

 

Do not
publish. 

Tex. R. App. P.
47.2(b)

Delivered and
filed the 

18th day of November,
2010.









[1] The record contains no indication
as to the content of Caleb=s alleged statement to Garcia.





[2] Additionally, on October 1, 2009,
Errico informed the defense attorneys of a witness named Rene Piper, whose
testimony was purportedly exculpatory as to Joshua.  According to Joshua=s attorney, Piper=s name was not listed in any of the
discovery materials that were provided to appellees before that time. 
Appellees moved for a continuance and then moved to strike Piper as a witness;
the trial court denied the motion for continuance but did not rule on the
motion to strike.





[3] The case was originally set for
trial on January 20, 2009.  On that date, the State and appellees agreed to a
continuance until May 11, 2009.  On May 11, the parties again agreed to a
continuance, this time until August 17, 2009.  On August 17, the parties agreed
to a third continuance.  The trial court, after consulting with the parties,
then set a firm trial date for October 5, 2009.





[4] On July 28, 2010, we abated the
appeals and instructed the trial court to enter findings of fact and
conclusions of law with respect to its ruling.  See State v. Cullen, 195
S.W.3d 696, 699 (Tex. Crim. App. 2006) (A[U]pon the request of the losing party on a motion to
suppress evidence, the trial court shall . . . make
findings of fact and conclusions of law adequate to provide an appellate court
with a basis upon which to review the trial court's application of the law to
the facts.@).  Such findings and conclusions
were filed with this Court on September 21, 2010.  The findings of fact
included the following:

 

11.        The
State and Defendants had an agreement regarding discovery.  The State gave
Defendants initial discovery packets and agreed to deliver further discovery to
Defendants as it came in.  Further discovery was in fact delivered to
Defendants from time to time.  However, the statement of Frank Garcia was not
in the initial discovery packet and it was not later produced to Defendants. .
. .

 

12.        Defendants
reasonably relied on the agreement with the State which provided that the State
would produce all discovery as it was received by the State.

 

13.        The
trial court was not unreasonable in expecting the State and Defendants to
proceed to trial on October 5, 2009 which was 13 months after the incident in
question and almost 11 months after the indictment was filed.

 

The trial
court thus concluded that A[i]t was within [its] discretion . . . to sanction the State for its
failure to disclose the video statement of Frank Garcia by striking, and ruling
inadmissible, the testimony of Frank Garcia as a witness for the State.@