NOS. 07-11-0100-CR
07-11-0101-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2011
_____

THE STATE OF TEXAS,

Appellant

v.

ALEJANDRO GUADALUPE GARCIA,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 52,533-E & 52,534-E; HONORABLE DOUGLAS WOODBURN, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Pending before the court is the State's motion to abate the appeal and remand the matter back to the trial court for entry of findings of fact and conclusions of law. We grant the motion.

According to the record before us, the State's indictments were dismissed for violation of the Interstate Agreement on Detainers Act (IADA). TEX. CODE CRIM. PROC. art. 51.14 (Vernon 2006). The record reflects that the indictments were orally dismissed

on February 7, 2011, which decision was then memorialized in writing on February 22nd. The State filed its request for findings of fact and conclusions of law on February 14th. However, none were ever executed.

In *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (involving a motion to suppress evidence), the Court of Criminal Appeals held that, "[u]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." Then it determined that the refusal to so state its findings and conclusions prevented the meaningful review of the decision. *Id.* at 698. Several years later, the same court considered this principle in relation to a trial court's dismissal due to purported violations of the IADA. *See State v. Votta,* 299 S.W.3d 130 (Tex. Crim. App. 2009). In holding that the trial court should have executed pertinent findings and conclusions, it explained that the case involved more than merely an examination of paperwork to determine whether the requirements of the IADA were met; the trial court also had before it various material factual disputes necessitating resolution. The same is true here, and they involve notice and its receipt.

Accordingly, we abate the appeal and remand the matter back to the trial court. *See* Tex. R. App. P. 44.4. We also direct the trial court to execute those findings of fact and conclusions of law pertinent to its decision to dismiss the proceeding and as required by *State v. Cullen* and *State v. Votta, supra.* Those findings and conclusions must be incorporated into a supplemental district clerk's record and filed with the clerk of this court on or before July 1, 2011. Should further time be needed to perform these acts, the trial court must request it by July 1, 2011. Upon the filing of the supplemental clerk's record, the appeal will be reinstated.

2

It is so ordered.

Per Curiam

Do not publish.