**Affirmed and Majority and Concurring Opinions filed December 13, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01089-CR

### JACKIE JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 11**
**Harris County, Texas**
**Trial Court Cause No. 1686082**

## C O N C U R R I N G    O P I N I O N

I disagree with the conclusion of the majority that the denial of appellant's motion to suppress should be affirmed solely because the interaction between appellant and the police sergeant was an encounter. However, as I conclude that the trial court did not abuse its discretion in determining that the interaction was a detention supported by reasonable suspicion, I concur in the result.

I agree with the majority's presentation of the controlling principle of constitutional law—there are three, distinct categories of interactions between police officers and citizens: (1) encounters, (2) investigative detentions, and (3) arrests. *State v.*

*Woodard*, 341 S.W.3d 404, 410–11 (Tex. Crim. App. 2011); *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011). If the interaction rises to the level of a detention, the Fourth Amendment's search and seizure restrictions govern and the State must show reasonable suspicion to support the temporary seizure; a mere encounter is not subject to any Fourth Amendment requirements or restrictions. *State v. Garcia-Cantu*, 253 S.W.3d 236, 238 (Tex. Crim. App. 2008).

The majority concludes the interaction between appellant Jackie Johnson and Sergeant Stephen Hendrie was an encounter, for which no further constitutional inquiry is necessary. I disagree. In particular, I disagree with the evidentiary analysis that permits the majority to reach that legal conclusion. The evidentiary analysis is flawed because it rests entirely upon inferred facts—as if in deference to the trial court—despite the reality that the trial court expressly reached the *opposite* legal conclusion.

It is true that when the trial court does not make express findings of fact, we view all of the evidence in the light most favorable to the trial court's ultimate ruling and infer the necessary factual findings that support that ruling if the record evidence supports these implied fact findings. *See id.* at 241. However, here, the trial court did make an express finding on a mixed question of fact and law: the trial court found that a detention rather than an encounter had occurred.[1] We must afford deference to the trial court's evaluation of credibility and demeanor when such an evaluation resolves disputed issues of fact and disposes of the legal question. *See Kelly v. State*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

Therefore, on this point, we are not to indulge, for example, the inference that the trial court believed Hendrie's version of the facts and that Hendrie's police car did not completely block appellant's departure, or that Hendrie did not call to appellant

---

[1] As the majority notes, the trial court specifically articulated that a "minimal detention" had occurred when issuing his ruling. We may not disregard this finding simply because it is an oral pronouncement. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (holding that a trial court's findings and conclusions are sufficient if they are "recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing").

2

forcefully, or that Hendrie did not pull his pistol as he exited the vehicle—all credibility determinations that would favor a finding that the interaction was an encounter. We must infer the opposite in favor of the trial court's finding that the interaction was a detention. Those inferences are supported in the record. Moreover, such inferences and, in particular, the inference that Hendrie's vehicle blocked appellant's departure, support a finding of a detention. *See Garcia-Cantu*, 253 S.W.3d. at 246. Therefore, it was not an abuse of discretion for the trial court to find that the interaction was a detention.

Nonetheless, the trial court did not abuse its discretion in denying the motion to suppress. A temporary detention is lawful when the officer has reasonable suspicion to believe that an individual is violating the law. *See Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (holding that the police officer must be able to "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the intrusion"). The articulable facts must show unusual activity, a connection between the detainee and the activity, and some indication that the unusual activity is related to a crime. *See Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). A finding of articulable facts may be upheld upon a showing either that the person has engaged in, or soon will be engaging in, criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

Sergeant Hendrie provided the following specific facts supporting his investigative detention: Hendrie was responding to a 30-minute-old 911 call from a resident that there was a suspicious black male wearing a dark shirt and standing near the Copper Cove Apartments leasing office at 12901 Brant Rock Drive. He attempted unsuccessfully to reach the complainant by telephone. The Copper Cove Apartments are gated and the leasing office is outside the gate. Hendrie drove by the leasing office and saw no one standing outside, but determined that he should drive through the complex to complete the investigation. Hendrie was in the process of making the u-turn necessary to enter the apartments when he noted a vehicle backed into a parking space with its headlights on. The vehicle was very close to the leasing office. Therefore, as he made the u-turn,

Hendrie turned on his high beam spotlight to shine it into the parked vehicle. He noted a black male in a dark shirt sitting in the car. As he pulled up, he also noted the engine on the vehicle was running. Because Hendrie was aware that the Copper Cove Apartments have a history of robberies, and his experience told him that the vehicle was parked in the same way getaway vehicles do, Hendrie pulled his car into the parking area to the corner of the running vehicle, at least partially blocking the exit of the vehicle.

Thus, Hendrie articulated receipt of a summary of a 911 call that raised unusual activity; that is, a resident of the complex believed a suspicious black man in a dark shirt was lurking just outside of the apartment gate nearing the leasing office. Hendrie articulated a connection between the activity and the detainee; that is, appellant, a black male, was wearing a dark shirt, sitting in a running vehicle, backed into a parking space, adjacent to where a suspicious individual had been reported by a resident. Finally, Hendrie articulated a reasonable suspicion that appellant's activity was related to an imminent crime; that is, knowing the complex to be a frequent location of robberies, he suspected that appellant's vehicle, backed into a parking spot, outside the gate, with lights on and engine running, was a robbery getaway vehicle.

Based on the foregoing, I also conclude the trial court did not abuse its discretion in denying Johnson's motion to suppress, but under an alternative analysis.


/s/        Sharon McCally
           Justice


Panel consists of Justices Brown, Boyce, and McCally. (Brown, J., majority).

Publish — TEX. R. APP. P. 47.2(b).