COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



**ORDER OF ABATEMENT**

Appellate case name:          Keith Allen Kupferer v. The State of Texas

Appellate case number:       01-11-00619-CR

Trial court case number:     1237989

Trial court:                 338th District Court of Harris County, Texas

Appellant Keith Allen Kupferer pled guilty to first degree murder with a deadly weapon and was sentenced to forty years in the Texas Department of Corrections. *See* TEX. PENAL CODE§ 29.03(a)(2) (West 2011). Before pleading guilty, Kupferer filed a motion to suppress his confession, which he contended was obtained in violation of the Fifth Amendment because police officers continued to question him after he unambiguously invoked his right to remain silent. After a suppression hearing, the trial court denied Kupferer's motion and entered findings of fact and conclusions of law.

In reviewing a ruling on a motion to suppress, we give almost total deference to a trial judge's explicit findings of fact. *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). The Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). These include "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id.* This requirement assures that appellate resolution of the suppression issue is based on the reality of what happened at the trial court rather than on appellate assumption that may be entirely fictitious. *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (citing *Cullen*, 195 S.W.3d at 699).

In some cases the trial court may make explicit findings it considers dispositive of the historical facts, but that the appellate court determines are insufficient to resolve the legal issues. *See, e.g.*, *Elias*, 339 S.W.3d at 676–77. In *Elias*, the trial court granted a motion to suppress and entered written findings of fact and conclusions of law, and the court of appeals affirmed. The Court of Criminal Appeals concluded, based on the testimony and argument developed at the suppression hearing, that the trial court was on "notice that the question whether the [defendant] activated his turn signal within a hundred feet of the intersection was potentially dispositive of the legality of his initial detention," and yet the trial court's findings did not address this potentially dispositive issue. *Id.* at 676. Therefore, the Court held that the trial court erred to conclude that its findings of fact were legally dispositive of the motion to suppress, and that the court of appeals should have remanded the case to the trial court for entry of additional, specific

findings of fact and conclusions of law with respect to this dispositive issue. *Id.* at 676–77.

Here, Kupferer contends that he invoked his Fifth Amendment right to remain silent by telling the Houston Police Department officer conducting the interview: "To tell you the truth, I really don't want to talk about it, but I mean." The record reflects that defense counsel specifically asked the trial court to make a finding on whether this was an invocation of his right to remain silent. In response, the trial court made only a finding regarding Kupferer's waiver of his rights: "I find, after again the defendant began asking questions himself and then answering the questions of [the officer], that he did in fact waive his rights."

The trial court thus focused on the issue of waiver and made no finding as to whether Kupferer's statement was an invocation of his right to remain silent. However, the issues of invocation and waiver are two distinct inquiries. *See Smith v. Illinois*, 469 U.S. 91, 98, 105 S.Ct. 490 (1984). Based on the arguments and testimony developed at the suppression hearing and the explicit request by defense counsel for a finding on the issue, the trial court was on notice that the question of whether Kupferer unambiguously invoked his right to remain silent was potentially dispositive of its admissibility ruling, yet the trial court failed to make an express finding with respect to this issue. We need not presume, assume, or guess at what historical facts a trial court actually found when ruling on a motion to suppress. *Mendoza*, 365 S.W.3d at 670. The more prudent course is to abate this case and remand to the trial court for entry of more specific supplemental findings of fact and conclusions of law. *See Mendoza*, 365 S.W.3d at 672–73; *Elias*, 339 S.W.3d at 676–77.

Accordingly, we abate the appeal and remand the case for entry of additional findings of fact and conclusions of law. The trial court is directed to make written findings on: (1) whether Kupferer unambiguously invoked his right to remain silent; (2) if so, whether Sergeant Chappell scrupulously honored that invocation; and (3) any other matters the trial court deems relevant or necessary to provide this court a basis for reviewing the ruling's correctness. The written findings of the trial court shall be included in a supplemental clerk's record and sent to this Court **within 30 days of the date of this order**.

Kupferer's supplemental brief, if any, will be due **twenty days after the supplemental clerk's record is filed**. The State's supplemental brief, if any, will be due **twenty days after Kupferer's supplemental brief is due**, or is filed, whichever occurs earliest.

It is so ORDERED.

Judge's signature:     /s/ Justice Huddle
              ☑ Acting individually     ☐ Acting for the Court

Date:                    October 17, 2012