

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00066-CR

JORDAN ALLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2011-466,388, Honorable Drue Farmer, Presiding

May 14, 2013

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pending before the Court is appellant's motion to abate this appeal and remand the case so that the trial court may enter previously-requested findings of fact and conclusions of law. We will grant the motion.

Appellant was charged by information with misdemeanor possession of marijuana. He filed a motion to suppress evidence and a separately-filed motion under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The trial court denied both motions after hearings, and appellant requested findings of fact and

conclusions of law supporting the rulings. Appellant plead guilty to the charged offense, retaining a specified limited right of appeal. This appeal followed.

The record does not contain the findings of fact and conclusions of law appellant requested. Appellant's motion requests that we abate the appeal and remand the case to the trial court for preparation of findings of fact and conclusions of law supporting the orders denying his motion to suppress and his *Franks* motion. In its response to appellant's request, the State agrees appellant timely requested findings and conclusions, and that no findings and conclusions have been entered.

> [U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

*State v. Cullen*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006). Findings and conclusions apparently were not made but we are able to direct the trial court to correct the omission. Tex. R. App. P. 44.4(a),(b). In making the findings and conclusions, the trial judge may review the reporter's record to refresh her recollection of the reasons for her rulings. *Wicker v. State,* 740 S.W.2d 779, 784 (Tex.Crim.App. 1987).

Accordingly, the appeal is abated and the case remanded to the trial court. The trial court is directed to make findings of fact and conclusions of law applicable to its orders denying appellant's motion to suppress and his *Franks* motion. This order does not pertain to the case of Megan Strickland-Powell, trial court cause number 2011-466,386.

The trial court shall cause the preparation of a supplemental clerk's record containing its findings and conclusions, together with any orders the court signs during remand, and shall cause the supplemental clerk's record, together with a supplemental reporter's record of any hearing held, to be filed with the Court by May 31, 2013. The trial court may seek extension of that deadline from the Court if necessary.

It is so ordered.

Per Curiam

Do not publish.