COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-12-00107-CR |
| Appellant, | § | Appeal from |
| v. | § | County Criminal Court at Law No. 4 |
| HECTOR MACIAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20110C03140) |
|  | § |  |

## O P I N I O N

The State of Texas appeals from an order granting a motion to suppress the defendant's oral admission to a police officer. We reverse and remand to the trial court.

## FACTUAL SUMMARY

Hector Macias filed a motion to suppress an oral statement made while in custody following his arrest for family violence assault. He alleged that the police officer failed to administer the warnings required by *Miranda* and Article 38.22 of the Code of Criminal Procedure. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Tex.Code Crim.Proc.Ann. art. 38.22, §§ 2(a), 2(b), 3(a)(2)(West 2005). The evidence at the suppression hearing showed that an El Paso police officer, Kenneth Greseth, was dispatched to a residence on a family violence assault call. When Greseth arrived, he saw Macias in the front yard and approached him. Greseth asked Macias what was going on and Macias replied that he

and wife had been arguing and "he had gone too far."  At that point, Greseth conducted a pat-down search for weapons.  Greseth called Officer Leovardo Tellez who was speaking with the victim and Tellez advised him that an assault had occurred.  Based on that information and Macias's statement, Greseth placed Macias under arrest.

Macias contradicted Greseth's testimony regarding the circumstances under which he made the statement to the officer.  After the incident with his wife, Macias went to his mother's house.  Macias's son told him that they had already called the police and to wait for them.  Macias emptied his pockets and gave everything to his son.  When Greseth arrived, he asked Macias, "Do you know what we're here for?"  Macias said that he did and the officer placed him under arrest, put him in handcuffs, and placed him in the back of the patrol car.  Macias admitted making the statement but said he made it while being transported from the scene in the patrol car.  At the conclusion of the hearing, the trial court stated the following:

> I'm going to grant the motion to suppress the statement regarding the 'might have gone too far' remark.  The basis of that is that I believe the perception of all parties is that there had been a detention.  It is a stretch, but I think all parties involved had the perception that there was a detention and a custodial arrest based on the statement by Officer Greseth that he came up to the front yard and stopped him.  And the defendant's own statement that -- testimony with respect to him taking things out of his pocket and preparing for the arrest.  So I think he was under a form of custody sufficient for me to justify the suppression of that particular statement.

The trial court subsequently signed an order granting the motion to suppress.  The State requested findings of fact and conclusions of law, but the trial court did not make any additional findings.

## SUPPRESSION OF THE ORAL STATEMENT

In its sole issue on appeal, the State argues that the trial court erred by granting the motion to suppress.  The State focuses on the trial court's statements made at the end of the

hearing as indicating the historical facts found by the court, but Macias argues that the trial court's ruling must be upheld given that the dispositive facts are disputed and the court did not make any written findings of fact.

*Standard of Review*

We review a ruling on a motion to suppress using a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997). Under this standard, the trial court's findings of historical fact must be afforded almost total deference provided they are supported by the record. *Valtierra*, 310 S.W.3d at 447; *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We also defer to the court's determination of mixed questions of law and fact that turn on an assessment of a witness's credibility or demeanor. *Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673. We will review *de novo* the trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *See Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673.

As a general rule, appellate courts view the evidence in the light most favorable to the trial judge's ruling, regardless of whether the judge granted or denied the suppression motion. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex.Crim.App. 2011). If the ruling is reasonably supported by the record and is correct under any theory of the law applicable to the case, the reviewing court will uphold it. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996).

In *State v. Cullen*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006), the Court of Criminal Appeals held:

> Effective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By 'essential findings,' we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court

with a basis upon which to review the trial court's application of the law to the facts.

The findings of fact and conclusions of law may be stated on the record at the hearing or prepared by the court in writing and filed. *Id.* Thus, the State is correct that the trial court's statements at the conclusion of the hearing constitute the court's findings of historical fact.

Where, as here, a trial court makes explicit fact-findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact-findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). The appellate court then reviews the trial court's legal ruling *de novo* unless the trial court's supported-by-the-record explicit fact-findings are also dispositive of the legal ruling. *Id.*

*Applicable Law*

Article 38.22 of the Texas Code of Criminal Procedure prohibits the admission of an accused's statement resulting from a custodial interrogation unless he was advised of his *Miranda* rights and voluntarily waived those rights. TEX.CODE CRIM.PROC.ANN. art. 38.22, §§ 2(a), 2(b), 3(a)(2); *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *see also Herrera v. State*, 241 S.W.3d 520, 526 (Tex.Crim.App. 2007)("Our construction of 'custody' for purposes of Article 38.22 is consistent with the meaning of 'custody' for purposes of *Miranda*."). The warnings required by Article 38.22 and *Miranda* only apply when a suspect is in custody. *See Herrera*, 241 S.W.3d at 526.

A person is "in custody" if, under the circumstances, a reasonable person would believe his freedom of movement was restrained to the degree associated with a formal arrest. *Stansbury v. California*, 511 U.S. 318, 322-24, 114 S.Ct. 1526, 1528-30, 128 L.Ed.2d 293 (1994); *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex.Crim.App. 1996). In evaluating whether a reasonable person would believe his freedom has been restrained to the degree of a formal arrest, we are to look

only to the objective facts surrounding the detention. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex.Crim.App. 2012). We do not consider the subjective views harbored by either the interrogating officers of the person being questioned. *Stansbury*, 511 U.S. at 323, 114 S.Ct. at 1529. The subjective intent of law enforcement officials to arrest is irrelevant unless that intent is somehow communicated or otherwise manifested to the suspect. *Dowthitt*, 931 S.W.2d at 254, *citing Stansbury*, 511 U.S. at 324-25, 114 S.Ct. at 1530. Any undisclosed subjective belief of the suspect that he is guilty of an offense should not be taken into consideration--the reasonable person standard presupposes an innocent person. *Ortiz*, 382 S.W.3d at 373; *see Dowthitt*, 931 S.W.2d at 254, *citing Florida v. Bostick*, 501 U.S. 429, 438, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991).

The Court of Criminal Appeals has identified four general situations that may constitute custody: (1) when the suspect is physically deprived of his freedom of action in a significant way; (2) when a law-enforcement official tells a suspect he cannot leave; (3) when law-enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) if there is probable cause to arrest and law-enforcement officials do not tell the suspect that he may leave. *Dowthitt*, 931 S.W.2d at 255. The restraint upon freedom in the first three situations must be equivalent with that associated with an arrest as opposed to an investigative detention. *See Dowthitt*, 931 S.W.2d at 255. In the fourth situation, the officer's knowledge of probable cause must be manifested to the suspect, and such manifestation, considered in the totality of the circumstances, must lead a reasonable person to believe he is not free to leave. *Id.*

The trial court based its determination that Macias was in custody on two findings: (1) Greseth testified that he "stopped" Macias; and (2) Macias was emptying his pockets prior to the

- 5 -

officer's arrival in preparation for arrest. There is no evidentiary support in the record for the first finding because Officer Greseth never stated that he stopped Macias nor did he state any facts from which it could be inferred that he stopped Macias or restrained his freedom of movement in any way when he first approached Macias and asked him what was going on. Greseth testified that he "approached" Macias and "walked up to" Macias in the front yard and talked to him. With respect to the second finding, Macias testified that, after being told by his son that the police were on the way, he emptied his pockets and gave his belongings to his son, ostensibly in preparation for being taken into custody. The trial court's second finding erroneously focuses on Macias's subjective belief that the police were going to arrest him and should not have been utilized by the trial court to make the custody determination.

Macias contends that the trial court's ruling should be upheld because the court could have believed his testimony rather than that of Officer Greseth. Macias would be correct if the trial court had not made any findings or if the court had found the officer's testimony not credible. The trial judge did not indicate in his findings that he disbelieved the officer regarding when the statement was made or that he believed Macias's testimony that the statement in question was not made until after Greseth had placed Macias under arrest and placed him in back of the patrol car. Because the trial court's findings do not support its conclusion that Macias was in custody, we sustain the State's sole issue on appeal. We reverse the order granting the motion to suppress and remand the cause to the trial court for trial.

October 16, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)