

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1702-12 & PD-1703-12

### MICHAEL FRED WEHRENBERG, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### PARKER COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

I join the Court's opinion. I agree without reservation that the concept behind the

federal "independent source" doctrine may be applied consistently with our statutory

exclusionary rule as embodied in Article 38.23.[1] And this is true, for reasons that are ably

explained in the Court's opinion today, notwithstanding that we have previously held that the

---

[1] Tex. Code Crim. Proc. art. 38.23.

"inevitable discovery" doctrine may *not* be applied consistently with Article 38.23.[2] The "inevitable discovery" doctrine actually proceeds from the assumption that evidence has been "obtained" for purposes of Article 38.23 as a result of some illegality.[3] By contrast, the "independent source" doctrine is more like the "attenuation of taint" doctrine, since the "independent source" doctrine presupposes that there is *no* causal connection—none *at all*—between a complained-of violation of the law and the subsequent acquisition of evidence by the police.[4] The "attenuation of taint" doctrine assumes that there is at least some marginal "but/for" causation, but that the exclusion of evidence is not required under the language of Article 38.23 "because the ordinary meaning of 'obtained' does not extend to such a remote, or 'attenuated,' causal relationship."[5]

I write further only to suggest the potential disutility of applying these labels in the context of construing our statutory exclusionary rule. Because it often makes no difference to the ultimate application of the *federal* exclusionary rule (which is not a creature of statute, but a court-made doctrine) whether evidence that is acquired following some instance of police malfeasance is nevertheless admissible because it had an "independent source" from

---

[2] Majority Opinion at 21-27.

[3] *State v. Daugherty*, 931 S.W.2d 268, 270-71 (Tex. Crim. App. 1996).

[4] Majority Opinion at 19-20.

[5] *Daugherty*, 931 S.W.2d at 270-71.

that initial illegality, or rather, because the evidence "inevitably" *would* have been discovered independently (though it was not), courts applying the federal exclusionary rule are not always meticulous in distinguishing between the two. We do not have that luxury in construing Article 38.23. For that reason, it might better serve our purposes to eschew terminology such as "inevitable discovery" and "independent source" and to simply inquire in every case: Was the evidence "obtained" by virtue of the primary illegality? As a practical matter, if the evidence was acquired by means that had no causal connection whatsoever to that primary illegality, then the answer is "no." If, on the other hand, there was a direct and undeniable causal connection between the primary illegality and the acquisition of the evidence, then the answer is "yes," regardless of what might plausibly have happened later. Although federal case law may prove to be persuasive authority on the facts of a particular case, there is no compelling need for us to complicate the statutory inquiry by importing the often-confusing terminology attending the federal exclusionary rule—at least not with those relatively rare cases that reside on the far peripheries of the spectrum that extends from direct-causality to no-causality-at-all.

The hard cases, as always, will be those that fall somewhere in the middle—those for which there is at least some "but/for" causal connection between the primary illegality and the subsequent acquisition of evidence. In that context, application of case law, both state and federal, that describes and applies the factors that inform the attenuation of taint doctrine, will have a definite utility. Indeed, the court of appeals, on remand, may yet find this to be

such a case.

I say that about this case because it is not altogether clear to me that there is not at least *some* "but/for" relationship between the initial, unlawful entry into the house—and, more to the point, the unlawful seizure of its occupants—and the later acquisition of evidence, albeit by virtue of an untainted warrant.[6] In that respect, the facts of this case are somewhat reminiscent of those in *State v. Mazuca*.[7] There the trial court determined that the appellee's initial detention during a traffic stop was illegal, and the question was whether the detaining officer's immediate discovery of a valid arrest warrant attenuated the taint of that

---

[6] Having said this, I must admit that I am at a loss to understand Judge Meyers's dissenting opinion. Judge Meyers deems it "obvious" that the search warrant was somehow a direct causal product of the primary illegality here—that the "search warrant was obtained based upon the officer's unlawful entry into Appellant's residence." Dissenting Opinion at 2. Nowhere in his opinion does Judge Meyers adequately explain what that causal connection is, however, and the court of appeals credited testimony from Investigator Montanez that nothing contained in the search warrant affidavit derived from facts or information gleaned from the initial unlawful entry. *Wehrenberg v. State*, 385 S.W.3d 715, 727 (Tex. App.—Fort Worth 2012). Judge Meyers finds it "unreasonable that the trial judge could not decipher that the officers involved were less than truthful when indicating they relied solely on the confidential informant in obtaining the search warrant." Dissenting Opinion at 3. The court of appeals seems to have assumed that the trial court credited Montanez's testimony. Given that the appellant requested explicit findings of fact and conclusions of law from the trial court, but received none, *see* note 10, *post*, perhaps the court of appeals erred to credit Montanez's testimony without remanding the cause first to the trial court for its determination of witness credibility. *See State v. Mendoza*, 365 S.W.3d 666, 670-71 (Tex. Crim. App. 2012) (when the losing party in a motion to suppress requests explicit findings of fact from the trial court, an appellate court should not, in the absence of such explicit findings, assume that the trial court made all findings consistent with its ultimate ruling, but should remand the case to the trial court for proper findings). Be that as it may, we are not at liberty to discount that testimony ourselves, as Judge Meyers would have us do, simply because we happen to find it incredible.

[7] 375 S.W.3d 294 (Tex. Crim. App. 2012).

primary illegality, which led to the direct seizure of contraband.[8] We held that the intervening circumstance of the discovery of the warrant, along with other factors such as the relative lack of purposefulness and flagrancy in the police misconduct, served to break the causal connection between the primary illegality and the seizure of the contraband.[9] I note that the trial court in this case made no express findings of fact and conclusions of law with respect to this (or any other issue), though the appellant requested them.[10] On remand, the court of appeals may well find it appropriate to return this case to the trial court for relevant findings of fact and conclusions of law with respect to attenuation of taint.

With these added remarks, and because I agree with the Court's well-expressed reasoning and conclusion that the court of appeals erred to hold that the federal "independent source" doctrine is categorically incompatible with Article 38.23, I wholeheartedly join its opinion.

FILED:      December 11, 2013
PUBLISH

---

[8]  *Id*. at 299-300.  *See also State v. Elias*, 339 S.W.3d 667, 678 (Tex. Crim. App. 2011).

[9]  *Mazuca*, 375 S.W.3d at 308-10.

[10]  *See Wehrenberg*, 385 S.W.3d at 717-18 ("The trial court did not enter findings of fact and conclusions of law, although Wehrenberg requested such findings and conclusions.");  *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006) (at the request of the losing party, the trial court is required to enter express findings of fact and conclusions of law).