# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00033-CR

**Michael Marrero, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2013 CR 0098, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Following the denial of his pretrial motion to suppress evidence, appellant Michael Marrero pleaded guilty to the misdemeanor offense of driving while intoxicated and was placed on community supervision for 15 months. After filing his notice of appeal, Marrero requested findings of fact and conclusions of law explaining the trial court's grounds for denying his motion to suppress. Although the trial court granted the request on December 4, 2013, the record does not contain any signed findings of fact or conclusions of law.[1] Marrero has now filed with this Court a motion to abate and remand this cause to the trial court for entry of findings of fact and conclusions of law.

---

[1] The record contains *proposed* findings of fact and conclusions of law that were filed by Marrero, but these have not been signed by the trial court.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."[2] These findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings,"[3] including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing.[4] When the trial court fails to make such findings and conclusions, we are required to abate the appeal and remand the cause to the trial court for entry of its "essential findings."[5]

The State has filed a response in opposition to Marrero's motion to abate, the gist of which is that Marrero waived any complaint regarding the absence of findings of fact and conclusions of law by not complying with the requirements in civil cases for preserving error regarding the trial court's failure to prepare such findings.[6] However, the Texas Court of

---

[2] *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

[3] *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011).

[4] *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012).

[5] *See Elias*, 339 S.W.3d at 676-77; *Cullen*, 195 S.W.3d at 698-700; *see also* Tex. R. App. P. 44.4(a) ("A court of appeals must not affirm or reverse a judgment . . . if the trial court's . . . failure or refusal to act prevents the proper presentation of a case to the court of appeals; and the trial court can correct its action or failure to act."), (b) ("If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error.").

[6] *See* Tex. R. Civ. P. 296 ("[A]ny party may request the court to state in writing its findings of fact and conclusions of law. Such request . . . shall be filed within twenty days after judgment is signed . . . ."), 297 ("If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and

Criminal Appeals has not conditioned the trial court's duty to prepare such findings on the losing party's compliance with these requirements. Unless and until that court instructs us otherwise, neither will we.

Accordingly, we grant Marrero's motion. We abate the appeal and remand the cause to the trial court for entry of its findings of fact and conclusions of law. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than October 6, 2014. This appeal will be reinstated once the supplemental clerk's record is filed.

Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed: September 4, 2014

Do Not Publish

---

serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law' which shall be immediately called to the attention of the court by the clerk.").

3