

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00079-CR

JUSTIN SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 13F1051-102

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

Justin Sanders appeals from his conviction of manslaughter. Sanders has filed a motion to abate the appeal to the trial court for the entry of findings of fact and conclusions of law relating to the trial court's denial of a motion to suppress evidence filed below. Following the trial court's denial of Sanders' motion to suppress, Sanders requested that the trial court enter written findings of fact and conclusions of law. No findings of fact or conclusions of law were entered by the trial court.

In *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals stated,

> Effective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

*Id.* at 699.

Because the requirements of *Cullen* were not met in this case, we abate the appeal and remand it to the trial court. *See* Tex. R. App. P. 44.4. The trial court is instructed to enter on the record findings of fact and conclusions of law adequate to provide this Court with a basis upon which to review its application of the law to the facts of this case. Specifically, the trial court's findings and conclusions should relate to its ruling on Sanders' motion to suppress evidence obtained from his cellular telephone pursuant to a search warrant issued October 2, 2013.

The findings and conclusions shall be filed with this Court in the form of a supplemental clerk's record within twenty-one days of the date of this order.

2

The abatement will terminate and this Court's jurisdiction will resume upon the filing of the supplemental clerk's record.

All appellate timetables are hereby stayed and will resume upon our receipt of the supplemental clerk's record. Upon reinstatement of the case on this Court's docket, we will establish a new briefing schedule, giving the parties an opportunity to consider and address the trial court's findings and conclusions in their briefing. As a result, Sanders' second motion seeking an extension of the briefing deadline is overruled as moot.

IT IS SO ORDERED.

BY THE COURT

Date: October 22, 2014