The STATE of Texas

v.

Christopher CULLEN, Appellee.

No. PD–984–05.

Court of Criminal Appeals of Texas.

June 28, 2006.

Mark Stevens, San Antonio, for Appellee.

Kevin P. Yeary, Assistant Criminal District Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion for a unanimous Court.

Appellee, Christopher Cullen, was charged with driving while intoxicated. He filed pretrial motions, including a motion to suppress written or oral statements, a motion to suppress evidence, and a motion to suppress videotape and audiotape evidence. After a hearing in which only the investigating officers testified, the court granted the defendant's motions to suppress. The State requested findings of fact and conclusions of law, and the court respectfully declined. The State appealed, and the court of appeals affirmed the decision of the trial court. *State v. Cullen,* 167 S.W.3d 428 (Tex.App.-San Antonio 2005). We granted review to determine whether, upon granting a defendant's motion to suppress evidence, a trial court must grant a timely request for findings of fact. We will reverse the court of appeals.

## COURT OF APPEALS

On appeal, the State argued that it is denied its right to appeal a pre-trial order granting a defendant's motion to suppress when the trial court refuses the State's request for findings of fact and conclusions of law because, without such findings, appellate courts are unable to review the decision for an abuse of discretion. The court of appeals held that there is no requirement that the trial court make findings of fact and conclusions of law when suppressing evidence. *Id.* at 431. The court recognized that appellate review is limited when there are no findings or conclusions, but declined to impose a rule requiring trial courts to file findings of fact and conclusions of law after granting a defendant's motion to suppress evidence. *Id.* The court of appeals urged the State to take its argument to the Legislature or to this Court if the State believes that justice demands a rule requiring trial courts to file findings of fact and conclusions of law when suppressing evidence. *Id.*

## ARGUMENTS OF THE PARTIES

The State argues that its right to appeal under Texas Code of Criminal Procedure Article 44.01(a)(5) is thwarted when an appellate court reviews a trial court's order granting a motion to suppress evidence based on presumed facts rather than findings of actual facts. In such cases, the result of an appeal is predetermined by the trial court's refusal to enter findings of fact. Thus, according to the State, it is error for the trial court to deny the State's timely request for findings of fact.

The State contends that requiring trial courts to enter findings of fact would not be a new rule, rather it would be giving effect to the will of the Legislature pursuant to the special right of appeal granted by Article 44.01, under which findings of fact are necessary for meaningful appellate review. However, if a new rule is the only way to ensure the right to appellate review, the State points out that this Court has the authority to make rules relating to appellate procedure in criminal cases. *Awadelkariem v. State,* 974 S.W.2d 721, 726 (Tex.Crim.App.1998).

Appellee argues that there are no Texas cases and no statute requiring a trial court to make findings of fact when granting a pretrial motion to suppress. If the Legislature had intended that the State's right to appeal pre-trial suppression orders includes requiring the trial court to enter findings of fact, then the text of Article 44.01 would explicitly state this rule.

Appellee points out that in *State v. Ross,* 32 S.W.3d 853, 858 (Tex.Crim.App.2000), this Court rejected the argument that the State's right to appeal under Article 44.01(a)(5) was limited by appellate courts' failure to conduct *de novo* review of decisions to grant motions to suppress evidence. According to Appellee, this Court should also reject the argument that the failure of the trial court to file findings of fact denies the State the right to appeal.

In addition, Appellee argues that the workload of the trial courts will increase if they are forced to enter findings of fact and conclusions of law each time the State requests them. Finally, Appellee raises issues relating to the implementation of a rule requiring a trial court to enter findings of fact and conclusions of law, including: what findings are "essential"; whether the findings are required to be in writing; what constitutes a timely request for findings; and what effect the time at which the findings are filed has on the appellate timetable.

## DISCUSSION

In *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex.Crim.App.2000), we stated that we assume that the trial court made im-

plicit findings of fact that reinforce its decision to grant a motion to suppress evidence if the implicit findings are verified by the record. That same year, in *State v. Ross*, 32 S.W.3d at 855, we reiterated that, even when the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. In his concurring opinion, Judge Womack disagreed with this approach, stating that "there is no justification for us to 'assume that the trial court made implicit findings of fact that support its ruling.'" *Id.* at 859. Judge Womack suggested the need for a rule which makes it an independent ground for reversal of the trial court's judgment to refuse, over objection, a timely request for findings of fact. Such a rule would be "a step toward the just resolution of these appeals—a resolution that is based on the reality of what happened rather than on assumptions that may be entirely fictitious." *Id.* at 860.

■ The majority in *Ross* stated that a non-prevailing party should attempt to get the rationale for the trial court's ruling on the record through either a verbal explanation at the hearing or express findings of fact and conclusions of law. *Id.* at 858. In the case before us, the State did try, but the trial court refused. The refusal of trial courts to enter findings of fact when timely requested by the State leaves appellate courts with nothing to review except a one-word ruling and forces the courts of appeals to make assumptions about the trial court's ruling. The ruling could be based on a mistake of law, on the trial court's disbelief of the testimony presented, or even on a clerical error. There is the possibility that we are basing our entire appellate review on the wrong word

being circled. We agree with Judge Womack's concurring opinion in *Ross* that courts of appeals should not be forced to make assumptions (or outright guesses) about a trial court's ruling on a motion to suppress evidence. *De novo* review of such a ruling does not resolve this issue because the trial court is still in the best position to judge the credibility and demeanor of the witnesses at a pretrial suppression hearing. Instead, the proper solution to this problem is to require the trial courts to enter findings of fact and conclusions of law when ruling on a motion to suppress evidence.

Rule of Appellate Procedure 44.4 provides:

(a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of appeals direction if error remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

In this case, the trial court's refusal to act prevented the court of appeals from meaningful review of the decision to grant the motion to suppress. Without findings of fact and conclusions of law, the court of appeals was left in the undesirable position of having to make assumptions about the reasons for the trial court's decision. Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling. While Rule 44.4 remedies the problem in this

case, the efficient administration of justice will be served by a requirement that trial judges respond to a request for findings of fact and conclusions of law. Effective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

■ We do not intend to create additional work for the trial courts; we are simply asking the trial courts to inform us of the findings of fact upon which their conclusion is based. The findings and conclusions need to be recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing. We are not altering the standard enunciated in *Guzman,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997), because we maintain "the longstanding rule that appellate courts should show almost total deference to a trial court's findings of fact, especially when those findings are based on an evaluation of credibility and demeanor . . . ." We are simply insisting that the findings be expressed by the trial court when requested by the losing party.

■ Nor do we intend to make appellate review of the trial court's ruling on a motion to suppress evidence *contingent* on the non-prevailing party's request. The non-prevailing party does not forfeit its right to appellate review of an adverse ruling by failing to request findings of fact and conclusions of law. If the non-prevailing party fails to make the request, and the trial court does not enter findings of fact and conclusions of law of its own accord, the non-prevailing party can still appeal any adverse ruling. In that event,

our opinion in *Ross* will continue to control. 32 S.W.3d at 858.

The requirement we announce today is similar to that used in Texas Code of Criminal Procedure Article 38.22, which relates to when a statement made by an accused may be used. Section 6 of Article 38.22 requires the trial court to "enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based. . . ." In relation to Article 38.22, we stated that:

> This Court is not the proper forum for the initial fact-finding process, but should restrict its review of the facts to any issues raised in challenge to the trial court's findings. Without adequate findings of fact this Court is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. One purpose for requiring the trial court to "enter an order stating its findings" is to make the record reflect, for the parties and for possible appellate review, the basis for the ruling.

*Hester v. State,* 535 S.W.2d 354, 356 (Tex. Crim.App.1976). The same applies to an appellate court's review of a trial court's ruling on a motion to suppress evidence.

■ We look to Texas Rule of Civil Procedure 297 to provide guidance to the trial courts about the time to file requested findings of fact and conclusions of law. The rule states that "The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. The court shall cause a copy of its findings and conclusions to be mailed to each party in the suit." Thus, while the appealing party must file its notice of appeal in accordance with the applicable statutes and rules, the trial court has 20 days from the date of its ruling in which to file findings of fact if it has not already made

oral findings on the record. As a result, the time to perfect an appeal under Rule of Appellate Procedure 26.2 and Code of Criminal Procedure Article 44.01 is unaffected by the requirement that the trial court enter findings and conclusions if requested.

## CONCLUSION

Because an appellate court's review of a trial court's ruling is restricted by an inadequate record of the basis for the trial court's ruling, we find it necessary to require a trial court to express its findings of fact and conclusions of law when requested by the losing party. The judgment of the court of appeals is vacated and the case is remanded to the court of appeals to order the trial court to enter findings of fact and conclusions of law.