NO. 07-07-0119-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 26, 2007



______________________________




THE STATE OF TEXAS, 



 Appellant


v.



JUAN MANUEL RAMIREZ, 



 Appellee



_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;



NO. 117860; HON. W. F. ROBERTS, PRESIDING



_______________________________



ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 The State of Texas appeals from the trial court's granting of appellee's motion to
suppress. Within twenty days of entry of the trial court's ruling, the State filed a request
for findings of fact and conclusions of law. However, the trial court neither entered such
findings and conclusions nor announced the basis for its ruling on the record. Upon
request of a losing party on a motion to suppress, the trial court must make findings of fact
and conclusions of law adequate to provide the court of appeals with a basis upon which
to review the trial court's application of the law to the facts. State v. Cullen, 195 S.W.3d
696, 699 (Tex. Crim. App. 2006). 

 Accordingly, we abate the appeal and remand the cause to the County Court at Law
No. 1 of Potter County for further proceedings. Upon remand, the trial court shall enter
findings of fact and conclusions of law consistent with the court's ruling in Cullen and cause
to be developed a supplemental clerk's record containing its findings of fact and
conclusions of law. The court shall then file the supplemental record with this court on or
before twenty days from the date of this order. Should further time be needed by the trial
court, then it must be requested by the same deadline. Upon receipt of the supplemental
record, the case will be submitted to the court on the briefs in twenty-one days. If appellee
wishes to file a brief, he should do so within the latter referenced time period. 

 It is so ordered.


 Per Curiam

Do not publish.



gent, what steps
should be taken to ensure that appellant will promptly retain an attorney who
will diligently pursue the appeal and that appellant will make the necessary
arrangements to prosecute his appeal. 


 2. If appellant is indigent, whether an attorney should be appointed to
handle the appeal. If such attorney is appointed, this court should be
supplied the attorney's name, address, and State Bar of Texas identification
number. 


 3. If appellant is indigent, what steps are necessary to ensure the prompt
preparation of a reporter's record. 


 4. If any orders are necessary to ensure the diligent and proper pursuit of
appellant's appeal.


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. In addition, the trial court shall cause a transcription of the hearing to be prepared
and included in a reporter's record. The supplemental clerk's record and reporter's record
should be submitted to this court no later than January 15, 2002. 

 It is so ordered. 

 Per Curiam

Do not publish.