# NO. 12-08-00438-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH LEON SNOW,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kenneth Leon Snow appeals his conviction for robbery, for which he was sentenced to imprisonment for forty years. In one issue, Appellant argues that the trial court improperly refused to issue formal findings of fact and conclusions of law regarding its denial of his request for DNA testing. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated robbery and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for ten years. Subsequently, the State filed a motion to revoke Appellant's community supervision and to proceed to a final adjudication of guilt. Following a hearing on the State's motion, the trial court found that Appellant had violated certain terms of his community supervision as alleged, revoked Appellant's community supervision, adjudicated Appellant "guilty" of robbery, and sentenced Appellant to imprisonment for forty years.

Thereafter, Appellant filed a request for DNA testing.[1]  By written order, the trial court denied Appellant's request.  Within its written order, the trial court made the following findings:

> The Court finds that the physical evidence in this case that there is [sic] no preserved biological material.  The[re] is nothing to conduct DNA testing upon in this case.
>
> The Court finds that the defendant has failed to meet his burden of proof under the Texas Code of Criminal Procedure 64.03(a)(2).  The court finds that there is no preserved biological evidence in this case to test.

Appellant subsequently filed a request for findings of fact and conclusions of law related to the trial court's denial of his request for DNA testing.  The trial court declined to make further findings related to its denial of Appellant's request.  This appeal followed.

### REFUSAL TO MAKE FORMAL FINDINGS OF FACT AND CONCLUSIONS OF LAW PERTAINING TO A REQUEST FOR DNA TESTING

In his sole issue, Appellant argues that the trial court improperly refused to issue formal findings of fact and conclusions of law regarding its denial of Appellant's request for DNA testing. The State argues that the trial court is not required to make formal findings of fact and conclusions of law under article 64.  The State further argues that the trial court's order denying Appellant's request for DNA testing made adequate findings concerning its denial of Appellant's motion.

We review de novo application of law to fact issues that do not depend on the credibility and demeanor of witnesses.  *See Skinner v. State*, 122 S.W.3d 808, 812 (Tex. Crim App. 2003). Findings of fact upon which a trial court's decision is based, when requested by the losing party, should be recorded in some way, whether written out and filed by the trial court or stated on the record at the hearing.  *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

The court of criminal appeals addressed this issue in *Skinner v. State*.  In *Skinner*, the appellant argued that the trial court failed to make specific findings.  *See Skinner*, 122 S.W.3d at 812.  The trial court, in its order, found that the appellant "failed to meet the standards required by [article] 64.03(a)(2)(A) and 64.03(a)(2)(B)." *Id.*  Considering the requirements under the statutes

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp. 2008).

2

referenced in the trial court's finding, the court summarized its holding as follows:

> The trial court's findings, when considered with the record in this case, are sufficient for the purposes of our review. The trial court found that the appellant failed to meet the requirements of 64.03(a)(2)A) and 64.03(a)(2)B). This may not be adequate in every case, and this Court would appreciate more detailed findings from the trial court to facilitate our review. But, in appellant's case, the record supports the trial court's conclusion that the appellant did not prove by a preponderance of the evidence that a reasonable probability existed that he would not have been prosecuted or convicted if the DNA test results were exculpatory.

*Id.* at 813; *see also **Darnell v. State***, No. 02-03-00173-CR, 2004 WL 1088755, at *3 (Tex. App.–Fort Worth May 13, 2004, pet. ref'd) (mem. op., not designated for publication) (trial court's order stating only that the appellant "failed to meet the requirements of article 64.03" was sufficient to comply with article 64).

In the case at hand, by its order, in addition to its finding that Appellant failed to meet his burden under article 64.03(a)(2), the trial court found that there was no preserved biological evidence upon which to conduct DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2008). Based on our review of the record, we hold that the trial court's order was sufficient to comply with article 64.[2] *See **Darnell***, 2004 WL 2088755 at *3; *see also **Skinner***, 122 S.W.3d at 813. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] At the hearing on Appellant's motion, the State argued and the trial court made inquiries concerning the availability of evidence upon which DNA testing could be conducted. The State represented to the trial court that no such evidence presently existed. The trial court asked Appellant's counsel if she had "anything to present on the contrary." Appellant's counsel responded, "Nothing, your Honor."