NO. 07-10-0131-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

FEBRUARY 2, 2011

 

______________________________

 

 

CHRISTOPHER JAMES HARPER, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 54TH DISTRICT COURT OF MCLENNAN
COUNTY;

 

NO. 2009-1389-C2; HONORABLE MATT JOHNSON, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following a plea of
guilty, Appellant, Christopher James Harper, was convicted of possession of
marihuana in an amount of more than four ounces but less than five pounds, a
state jail felony.[1]  By a sole point of error, he challenges the
trial court's order denying his motion to suppress.  

Background

            Appellant was a
passenger in a vehicle that was stopped for a defective brake light by Corporal
Bouse, an officer with the City of Woodway.  He
testified that he immediately detected the odor of an alcoholic beverage
emanating from the vehicle.  He assured
the driver that if everything checked out, he would only issue a warning.  The driver was asked to exit the vehicle and Corporal
Bouse then conducted a warrants check on the driver
and his passenger, the Appellant.  He discovered
the driver was operating a vehicle with an expired and suspended license and
that Appellant's license was also expired and he had a history of drug charges.  Backup was called and Appellant was also
removed from the vehicle.

            According to Corporal
Bouse, Appellant admitted consuming approximately five beers, and there was an
open container beside the passenger seat. 
When threatened with a probable cause search of the vehicle and asked by
Corporal Bouse if anything else would be found,
Appellant admitted there was marihuana in the vehicle.  At this point, Appellant was placed in
handcuffs.  After a cursory search of the
vehicle for contraband which could possibly injure the drug detection canine, Corporal
Bouse ran the dog around the car and it alerted under
the passenger seat.  A large bag
containing marihuana was discovered as well as a small marihuana cigarette.  

            Appellant was charged
with intentionally and knowingly possessing a usable quantity of
marihuana.  A motion to suppress all
evidence was filed alleging an unlawful, warrantless search and seizure.  The only witness to testify at the hearing
was Corporal Bouse. 
The trial court denied the motion to suppress and Appellant pleaded
guilty to the offense, was convicted, and sentenced to fifteen months in a
state jail facility.  The trial court
gave Appellant permission to appeal the pretrial ruling.

            The order denying the
motion to suppress was signed on January 22, 2010, and Appellant timely filed a
Request for Findings of Fact and Conclusions of Law on February 8, 2010.[2]  None, however, were ever filed.  

Analysis

            In Cullen v. State, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006), the
Court held that "upon the request of the losing party on a motion to
suppress evidence, the trial court shall state its essential
findings."  Those findings of fact
and conclusions of law must be adequate to provide an appellate court with a
basis upon which to review the trial court's application of the law to the
facts.  Id.  The findings need to be
recorded in some way, whether written and filed or stated on the record.  Id.  

The reporter's record of the suppression hearing in the
underlying case does not contain any statements on the record that could be
considered findings by the trial court. 
Consequently, we abate this appeal and remand the cause to the trial
court for the filing of findings of fact and conclusions of law as required by Cullen. 
We direct the Honorable Matt Johnson, Presiding Judge of the 54th
District Court of McLennan County, to make and file his findings on or before
March 1, 2011.  Those findings and
conclusions shall be included in either a supplemental reporter's record or a
supplemental clerk's record to be filed with the Clerk of this Court on or
before March 15, 2011.  On the filing of
this supplemental record, the appellate record will be complete.

If Appellant determines, after reviewing the trial court’s
findings and conclusions, that he should amend or supplement his brief, his
amended or supplemental brief will be due thirty days after the supplemental
record is filed.  Tex.
R. App. P. 38.6(a).  If Appellant
files an amended or supplemental brief, the State will have thirty days
thereafter to file a responsive brief.  

Per
Curiam

Do not publish.

 

 

 

 

 

 

 

 

                                                                                    

 

 











[1]Tex.
Health & Safety Code Ann. § 481.121(b)(3) (West
2010).





[2]In Cullen v. State, 195 S.W.3d 696, 699
(Tex.Crim.App. 2006), the Court looked to Rule 297 of the Texas Rules of Civil
Procedure for guidance.