NOS.
07-11-0100-CR

                                                                     07-11-0101-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

JUNE 3, 2011

______________________________

 

THE
STATE OF TEXAS,  

 

                                                                                         Appellant


v.

 

ALEJANDRO
GUADALUPE GARCIA,  

 

                                                                                         Appellee

___________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NOS. 52,533-E & 52,534-E; HONORABLE DOUGLAS
WOODBURN, PRESIDING

 

__________________________

 

ABATEMENT AND REMAND

__________________________

 

Before QUINN, C.J., and
HANCOCK, and PIRTLE, JJ.

Pending before the court is the State’s motion to abate the
appeal and remand the matter back to the trial court for entry of findings of
fact and conclusions of law.  We grant
the motion.

According to the record before us, the State’s indictments
were dismissed for violation of the Interstate Agreement on Detainers Act
(IADA).  Tex.
Code Crim. Proc. art. 51.14 (Vernon 2006).  The record reflects that the indictments were
orally dismissed on February 7, 2011, which decision was then memorialized in
writing on February 22nd.  The
State filed its request for findings of fact and conclusions of law on February
14th.  However, none were ever
executed.

In State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim.
App. 2006) (involving a motion to suppress evidence), the Court of Criminal
Appeals held that, "[u]pon the request of the
losing party on a motion to suppress evidence, the trial court shall state its
essential findings."  Then it
determined that the refusal to so state its findings and conclusions prevented
the meaningful review of the decision.  Id.
at 698.  Several years later, the same court
considered this principle in relation to a trial court’s dismissal due to
purported violations of the IADA.  See State v. Votta, 299 S.W.3d 130 (Tex. Crim. App. 2009). 
In holding that the trial court should have executed pertinent findings
and conclusions, it explained that the case involved more than merely an
examination of paperwork to determine whether the requirements of the IADA were
met; the trial court also had before it various material factual disputes
necessitating resolution.   The same is
true here, and they involve notice and its receipt.

Accordingly, we abate the appeal and remand the matter back
to the trial court.  See Tex.
R. App. P. 44.4.  We also direct
the trial court to execute those findings of fact and conclusions of law
pertinent to its decision to dismiss the proceeding and as required by State
v. Cullen and
State v. Votta, supra.  Those
findings and conclusions must be incorporated into a supplemental district
clerk’s record and filed with the clerk of this court on or before July 1,
2011.  Should further time be needed to
perform these acts, the trial court must request it by July 1, 2011.  Upon the filing of the supplemental clerk's
record, the appeal will be reinstated.

It is so ordered.

Per Curiam

Do not publish.