COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Alyssa Pullen v. The State of Texas

Appellate case number:   01-13-00259-CR

Trial court case number:  1817849

Trial court:                     County Criminal Court at Law No. 4 of Harris County

Appellant, Alyssa Pullen, has filed a "Motion to Abate for Entry of Findings of Fact and Conclusions of Law." In her motion, Pullen states that, during her trial, the trial court held hearings on two separate motions[1] to suppress evidence outside the presence of the jury, the trial court denied both motions, she requested findings of fact and conclusions of law for each motion, and the trial court has failed to make the required findings of fact and conclusions of law. Pullen contends that the trial court was obligated to make findings of fact and conclusions of law for each motion once she requested such findings and conclusions. Pullen requests that we abate this case, order the trial court to enter findings of fact and conclusions of law for each motion, and grant her an extension of time to file her brief until 30 days after the date that the trial court's findings and conclusions are filed in this Court. We grant the motion in part and deny it in part.

To the extent that Pullen requests abatement for findings of fact and conclusions of law related to her motion to suppress the blood evidence in this case based on alleged defects in the search warrant for the blood, the trial court provided adequate findings of fact and conclusions of law on the record while rendering its decision on the motion. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (holding that trial court must provide findings of fact and

---

[1]      Pullen contends in her motion that there were two separate motions to suppress heard by the trial court. At the outset of the second suppressing hearing in the trial court, Pullen stated that she "would assert, again, the motion to suppress that was filed in this case." Contrary to Pullen's statement at trial, she argued two separate motions to suppress to the trial court, and neither of them was based on the written motion to suppress contained in the record, which lacked sufficient specificity to apprise the trial court of Pullen's contentions. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Martinez v. State*, 17 S.W.3d 677, 683 (Tex. Crim. App. 2000); *Sandoval v. State*, 35 S.W.3d 763, 770 (Tex. App.–El Paso 2000, pet. denied).

conclusions of law adequate to provide appellate court with basis to review trial court's application of law to facts, either in writing or on record at hearing); *see also State v. Montgomery*, No. 01-12-00974-CR, 2013 WL 3155942, at *2 (Tex. App.—Houston [1st Dist.] June 20, 2013, no pet. h.) (not designated for publication) (discussing standard of review for suppression motion challenging sufficiency of probable cause for issuance of search warrant); *Wise v. State*, 223 S.W.3d 548, 555 (Tex. App.—Amarillo 2007) (stating that burden of proof in hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978) is on appellant to show that affiant for search warrant made false statement either intentionally, knowingly, or with reckless disregard for truth). Therefore, Pullen's motion to abate is denied insofar as it relates to the first motion to suppress.

To the extent that Pullen requests abatement for findings and conclusions related to her motion to suppress all evidence collected after Officer Sanchez arrived at the scene where Pullen had been detained for 30 minutes following the traffic stop in this case, the record does not contain sufficient findings of fact or conclusions of law to provide this Court with a basis upon which to review the trial court's application of the law to the facts. *See Cullen*, 195 S.W.3d at 699. Pullen, as the losing party on a motion to suppress evidence, is entitled to findings of fact and conclusions of law upon request. *See id.* Therefore, because the findings and conclusions related to the second motion to suppress are insufficient, the proper remedy is to abate this case and remand to the trial court to make findings of fact with greater specificity. *See* TEX. R. APP. P. 44.4; *State v. Mendoza*, 365 S.W.3d 666, 670 (Tex. Crim. App. 2012); *Cullen*, 195 S.W.3d at 698. We grant Pullen's motion insofar as it relates to her second motion to suppress.

Accordingly, we grant Pullen's motion in part and deny it in part. We abate the appeal and remand for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, in conjunction with the trial court's denial of Pullen's motion to suppress all evidence collected after Officer Sanchez arrived at the scene where Pullen had been detained. The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within 20 days of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within 30 days of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings

      ☑ Acting individually    ☐ Acting for the Court


Date: July 9, 2013