

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00122-CR

DAVID SYLVESTER CHAMBERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 13-02053-CRF-272

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

David Sylvester Chambers appeals from his conviction of theft of property. Chambers has filed a motion to abate the appeal to the trial court for the entry of findings of fact and conclusions of law related to the trial court's denial of a motion to suppress evidence filed below. Although Chambers requested that the trial court enter findings of fact and conclusions of law, no such findings and conclusions were entered by the trial court.

In *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals stated,

> Effective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

*Id.* at 699.

Because the requirements of *Cullen* were not met in this case, we abate the appeal and remand it to the trial court. *See* TEX. R. APP. P. 44.4. The trial court is instructed to enter on the record findings of fact and conclusions of law adequate to provide this Court with a basis on which to review its application of the law to the facts of this case. Specifically, the trial court's findings and conclusions should relate to its ruling on Chambers' motion to suppress evidence obtained incident to, pursuant to, and as a result of Chambers' arrest.

If the trial court's findings and conclusions are entered on the record in written form, then they shall be filed with this Court in the form of a supplemental clerk's record within twenty-one days of the date of this order. If the trial court's findings and conclusions are entered on the record

2

in oral form, then they shall be filed with this Court in the form of a supplemental reporter's record within twenty-one days of the date of this order.

In conjunction with his motion to abate, Chambers has requested an extension of time in which to file his brief. That request is overruled as premature. All appellate timetables are hereby stayed. The abatement will terminate and this Court's jurisdiction will resume on the filing of either the supplemental clerk's or supplemental reporter's record.

On reinstatement of the case on this Court's docket, we will establish a new briefing schedule, giving the parties an opportunity to consider and address the trial court's findings and conclusions in their briefing.

IT IS SO ORDERED.

BY THE COURT

Date: September 17, 2015