

# NUMBER 13-16-00231-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                                Appellant,

v.

ANTHONY CHRISTIAN CASAS,                                                      Appellee.

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

## Order of Abatement

### Before Justices Benavides, Perkes, and Longoria
### Order Per Curiam

This case is presently before the Court on the State's motion to abate for supplemental findings of fact. For the reasons set forth below, we GRANT the motion and ABATE the case.

1

**A. Applicable Law**

Upon the timely request of the losing party in a motion to suppress, the trial court is required to "state its essential findings." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). "Essential findings" mean "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id.* (citing *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). We must abate for supplemental findings when the party has requested findings of fact, and the findings that are made by the trial court "are so incomplete that an appellate court is unable to make a legal determination." *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013).

**B. Discussion**

This case arises from a traffic stop which ended with Casas' arrest for driving while intoxicated. After the trial court granted Casas' motion to suppress, the State made a timely request for findings of fact and conclusions of law. The trial court entered findings and conclusions, but the State argues that the findings did not address several potentially case-dispositive matters regarding the testimony of Corporal Slovacek, the arresting officer. The State now seeks supplemental findings regarding whether:

1. The trial court believed that Corporal Slovacek's testimony that Casas' vehicle drove onto the improved shoulder was a lie or that she was mistaken.

2. The trial court credited Corporal Slovacek's testimony that Casas was driving 49 miles per hour on a road with a 65 miles-per-hour speed limit.

3. If the trial court did not credit Corporal Slovacek's testimony regarding Casas' speed, whether the court believed that Corporal Slovacek was lying or was mistaken about Casas' speed.

2

4. Whether the trial court credited Corporal Slovacek's testimony that there are commonly intoxicated drivers on the area of highway where Casas was stopped, U.S. Highway 87 in the area north of Victoria.

5. If the trial court did not credit Corporal Slovacek's testimony, whether it believed that Corporal Slovacek was lying or was mistaken in her belief that intoxicated drivers were common in that area of the highway.

The State argues that we would be unable to determine whether reasonable suspicion existed without findings on these matters. We agree that these matters are potentially dispositive of the case.[1] We remand this case to the trial court to enter supplemental findings of fact addressing these questions. The supplemental findings should be included in a supplemental clerk's record filed with this Court within thirty days of the date of this order. We respectfully request the trial court to notify this Court before the expiration of that period if it needs more time.

It is so ORDERED

PER CURIAM

Delivered and filed the
13th day of May, 2016.

---

[1] We stress that we express no opinion on the actual significance of these facts, if any, to the disposition of the State's appeal.

3