# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00055-CR

**Susan Oden, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
## NO. 15-0302-K26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Following the denial of her motion to suppress evidence, appellant Susan Oden pleaded guilty to the offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams and was placed on deferred-adjudication community supervision for a period of six years.[1] This appeal followed. Oden has now filed with this Court a motion to abate the appeal and remand the cause to the district court so that it can make findings of fact and conclusions of law. Oden represents in her motion that the State does not object to her request, and the State has not filed any response in opposition to the motion.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the

---

[1] *See* Tex. Health & Safety Code § 481.112.

court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."[2]  Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing."[3]  Moreover, "Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling."[4]

Accordingly, we grant Oden's motion, abate the appeal, and remand the cause to the district court so that it may make findings of fact and conclusions of law pertaining to its denial of Oden's motion to suppress.  A supplemental clerk's record containing those findings of fact and conclusions of law shall be filed with this Court no later than February 6, 2017.  This appeal will be reinstated once the supplemental clerk's record is filed.

Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed:   January 6, 2017

Do Not Publish

---

[2]  *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).  The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011), including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing.  *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012).

[3]  *Mendoza*, 365 S.W.3d at 671.

[4]  *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).