# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00909-CR

**The State of Texas, Appellant**

**v.**

**David Uhrich, Appellee**

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 16732, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

David Uhrich was charged with the offense of possession of a controlled substance, namely methamphetamine, with the intent to deliver, "in an amount of four grams or more but less than 200 grams." *See* Tex. Health & Safety Code § 481.112(d). Uhrich filed a pre-trial motion to suppress certain evidence, which the trial court granted. The State has appealed the trial court's ruling, *see* Tex. Code Crim. Proc. 44.01(a)(5), and in that appeal, has filed a motion asking this Court to abate the appeal and remand the cause to the trial court for entry of findings of fact and conclusions of law.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court explained were "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v.*

*Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Those findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have risen in the court of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011), including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing, *State v.Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *Id.* at 671. Therefore, if a trial court fails to make findings of fact and conclusions of law, appellate courts are authorized to abate the appeal and remand the cause to the trial court for entry of "essential findings." *See Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.1).

Although the State requested findings of fact and conclusions of law in connection with the trial court's ruling on Uhrich's motion to suppress, the record in this case does not contain findings of fact and conclusions of law. Accordingly, we grant the State's motion, abate the appeal, and remand the cause to the trial court so that it may make findings of fact and conclusions of law. The district court clerk is instructed to forward to this Court a supplemental clerk's record containing those findings and conclusions no later than April 6, 2020. This appeal will be reinstated once the supplemental clerk's record is filed.

It is ordered on March 5, 2020.


Before Justices Goodwin, Kelly, and Smith

Abated and Remanded

Filed: March 5, 2020

Do Not Publish

2