# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00824-CR

**The State of Texas, Appellant**

**v.**

**Ronald W. McMahan, Jr., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2019CR0511, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas appeals from the trial court's order granting a motion to suppress filed by appellee Ronald W. McMahan, Jr., who was arrested for the offense of driving while intoxicated following a traffic stop. The trial court had concluded that the arresting officer lacked reasonable suspicion to initiate a traffic stop, and it granted the motion to suppress for that reason. Upon the State's request, the trial court later made findings of fact and conclusions of law. For the following reasons, we will abate the appeal and remand the case to the trial court so that it may make additional findings and conclusions necessary to the disposition of this appeal.

"'[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings.'" *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013) (quoting *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011)). "'[E]ssential

findings' mean 'findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.'" *Id*. An appellate court may not "presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis upon which to make a legal conclusion and when those findings have been properly requested by a losing party." *Id*. (citing *Elias*, 339 S.W.3d at 674; *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012); *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). Instead, "an appellate court must abate for additional findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination." *Id*. (citing *Elias*, 339 S.W.3d at 674; *Mendoza*, 365 S.W.3d at 673; *Cullen*, 195 S.W.3d at 699). "This requirement assures that appellate resolution of the suppression issue 'is based on the reality of what happened [at the trial court level] rather than on [appellate] assumptions that may be entirely fictitious.'" *Elias*, 339 S.W.3d at 674 (quoting *Cullen*, 195 S.W.3d at 699).

In this case, the issue is whether the arresting officer had reasonable suspicion to initiate a traffic stop on McMahan. At the suppression hearing, the trial court considered the testimony of the officer and a video recording of the traffic stop taken from the officer's patrol-car dash camera. Based on that evidence, the State argued that the officer had reasonable suspicion to believe that McMahon had committed at least one of two possible traffic violations: (1) driving on an improved shoulder of a roadway, *see* Tex. Transp. Code § 545.058; and (2) failing to maintain a single lane of traffic, *see id*. § 545.060. The trial court made several findings regarding Section 545.060 and concluded that the officer did not have reasonable suspicion to believe that McMahon had violated that statute. However, the trial court made only a single finding and no conclusions regarding Section 545.058.

2

Section 545.058 of the Transportation Code provides that an operator of a motor vehicle may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only: (1) to stop, stand, or park; (2) to accelerate before entering the main traveled lane of traffic; (3) to decelerate before making a right turn; (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn; (5) to allow another vehicle traveling faster to pass; (6) as permitted or required by an official traffic-control device; or (7) to avoid a collision. *Id*. § 545.058. The trial court's sole finding on Section 545.058 was that the arresting officer "did not observe that Mr. McMahan was driving in an improved shoulder in violation of the law, nor did the State elicit necessary evidence to support reasonable suspicion for a violation of Texas Transportation Code 545.058."

This finding is conclusory and ambiguous. It could mean that the arresting officer simply did not observe McMahan driving on an improved shoulder, or it could mean that the officer observed McMahan driving on an improved shoulder, but did not observe him driving in an unsafe manner and without justification. Additionally, the finding does not address what "necessary evidence" the State failed to elicit, does not indicate whether the trial court found the officer's testimony to be credible, and does not specify what the video recording of the traffic stop shows or does not show regarding McMahan's driving. We conclude that this information is essential for a determination of whether the officer had reasonable suspicion to believe that McMahan violated Section 545.058 of the Transportation Code. *See State v. Cortez*, 543 S.W.3d 198, 202, 204-06 (Tex. Crim. App. 2018) (discussing findings that are relevant to determination of whether officer had reasonable suspicion to believe that defendant violated Section 545.058).

Accordingly, we abate this appeal and remand the cause to the district court to make additional fact findings and conclusions of law consistent with this order. *See Elias*, 339 S.W.3d at 676-77; *see also* Tex. R. App. 44.4. A supplemental clerk's record containing the additional findings shall be filed with this Court by October 5, 2020. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Justices Goodwin, Triana, and Smith

Abated and Remanded

Filed: September 4, 2020

Do Not Publish