# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00801-CR

**Whitney Charles Frilot, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2019-089, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Whitney Charles Frilot was charged with possession of less than one gram of a controlled substance (methamphetamine). *See* Tex. Health & Safety Code §§ 481.102(6), .115(a), (b). Prior to trial, Frilot filed a motion to suppress evidence stemming from a traffic stop detention in this case. The parties agreed that the issue could be resolved without testimony based on three recordings of the traffic stop and detention and one exhibit containing the police reports and other written documents prepared in the case. After reviewing the exhibits, the trial court denied the motion to suppress. Following the trial court's ruling, Frilot filed a request for findings of fact and conclusions of law setting out the trial court's grounds for denying the suppression motion, but the clerk's record does not contain any findings of fact or conclusions of law.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court explained were "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Those findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011), including "explicit credibility determination[s]," *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *Id.* at 671. When the trial court fails to make such findings and conclusions, we are required to abate the appeal and remand the cause to the trial court for entry of its essential findings. *See Elias*, 339 S.W.3d at 676-77; *Cullen*, 195 S.W.3d at 698-700; *see also* Tex. R. App. P. 44.4(a) ("A court of appeals must not affirm or reverse a judgment . . . if the trial court's . . . failure or refusal to act prevents the proper presentation of a case to the court of appeals; and . . . the trial court can correct its action or failure to act"), (b) ("If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error").

Accordingly, we abate the appeal and remand the cause to the trial court so that it may make findings of fact and conclusions of law. The district court clerk is instructed to forward to this Court a supplemental clerk's record containing those findings and conclusions no later than June 15, 2021. This appeal will be reinstated once the supplemental clerk's record is filed.

It is ordered on May 6, 2021.

2

Before Chief Justice Byrne, Justices Baker and Smith

Abated and Remanded

Filed:   May 6, 2021

Do Not Publish