

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

————————————

No. 07-21-00232-CR

————————————

MYRANDA SHAY MANLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 274th District Court
Hays County, Texas
Trial Court No. CR-18-1164-C; Honorable Gary L. Steel, Presiding

January 11, 2022

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Following a plea of not guilty, Appellant, Myranda Shay Manley, was convicted by a jury of possession of a controlled substance in an amount of one gram or more but less than four grams.[1]  Punishment was assessed by the trial court at ten years confinement, suspended for ten years, and a $500 fine.  The appellate record has been filed and

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2021).

Appellant's brief was originally due to be filed on January 3, 2022.[2]  Pending before this court are two documents filed by Appellant:  (1) a *Motion to Abate Appeal in Order to Obtain Findings of Fact and Conclusions of Law* and (2) a *Motion for Extension of Time to File Appellant's Brief*.  We grant the motion to abate and remand the cause to the trial court for entry of findings of fact and conclusions of law.  Our disposition suspends all appellate deadlines and renders the motion for extension of time moot.

Appellant was arrested following the search of a house in which she had been staying for a few weeks.  A person who is not the homeowner, but who had permission to reside in the house, gave the Hays County Sheriff's Office permission to search the premises.  During the warrantless search, a deputy seized and searched Appellant's purse which was in the bedroom she was occupying.  The purse contained methamphetamine.

Prior to trial, Appellant's counsel filed a motion to suppress the evidence seized.  A hearing on the motion was held and the trial court subsequently issued its ruling denying the motion.  During trial, counsel re-urged the motion to suppress which was again denied.  At the conclusion of the trial, the jury returned a guilty verdict.  Appellant timely perfected this appeal.

Relying on *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006), and Rule 44.4 of the Texas Rules of Appellate Procedure, Appellant posits that findings of fact and

---

[2] Originally appealed to the Third Court of Appeals, sitting in Austin, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

conclusions of law are necessary for meaningful appellate review of the trial court's denial of her motion to suppress. We agree. In *Cullen*, the Court held that when the losing party on a motion to suppress requests findings of fact and conclusions of law, "the trial court shall state its essential findings." *Cullen*, 195 S.W.3d at 699. The Court noted that "essential findings" means "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *See id. See also State v. Garcia*, 569 S.W.3d 142, 148 (Tex. Crim. App. 2018).

By her motion, Appellant requests that the trial court's findings of fact and conclusions of law should address the following:

1. the intrusion into Appellant's purse during the first search of the house, as shown in State's Exhibit 1, Part 002, at approximately 27:15 to 28:00, and State's Exhibit 2, Part 001, at approximately 25:15 to 26:00, in terms of whether this action was within the scope of the terms of the first search, whether it was legal and whether it tainted the subsequent search of Appellant's purse during the second search of the house;

2. whether the interaction between Appellant and the deputies conducting the search of the house was an encounter, a detention or an arrest, and if it was a detention or an arrest, the legality of same; and,

3. whether consent was freely, knowingly, and voluntarily given by Appellant, including whether she was ever advised that she had the right to revoke any consent given.

In addition to Appellant's requested findings, the trial court is directed to consider and execute such other findings of fact and conclusions of law as it deems proper. Any findings or conclusions shall be included in a supplemental clerk's record to be filed with the clerk of this court on or before January 31, 2022. On the filing of a supplemental

3

clerk's record, the appellate record will be complete and briefing deadlines will resume in accordance with Rule 38.6 of the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam