# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00230-CR

---

**The State of Texas, Appellant**

**v.**

**Dustin Grier Hartley, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2020CR0749, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas appeals from an order of the trial court granting a motion to suppress filed by appellee Dustin Grier Hartley, who was arrested for the offense of driving while intoxicated following a traffic stop. The trial court granted the motion based on its conclusion that the traffic stop was unlawful and not supported by reasonable suspicion. Upon the State's request, the trial court made written findings of fact and conclusions of law, and it later made additional findings and conclusions after this Court abated the appeal on the State's motion. *See State v. Hartley*, No. 03-21-00230-CR, 2021 WL 2483790 (Tex. App.—Austin June 18, 2021) (per curiam order) (mem. op., not designated for publication). For the following reasons, we must again abate the appeal and remand the case to the trial court for additional findings.

"'[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings.'" *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013) (quoting *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011)). "'[E]ssential findings' mean 'findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.'" *Id*. An appellate court may not "presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis upon which to make a legal conclusion and when those findings have been properly requested by a losing party." *Id*. (citing *Elias*, 339 S.W.3d at 674; *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012); *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). Instead, "an appellate court must abate for additional findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination." *Id*. (citing *Elias*, 339 S.W.3d at 674; *Mendoza*, 365 S.W.3d at 673; *Cullen*, 195 S.W.3d at 699). "This requirement assures that appellate resolution of the suppression issue 'is based on the reality of what happened [at the trial court level] rather than on [appellate] assumptions that may be entirely fictitious.'" *Elias*, 339 S.W.3d at 674 (quoting *Cullen*, 195 S.W.3d at 699). "[C]ourts of appeals should not be forced to make assumptions (or outright guesses) about a trial court's ruling on a motion to suppress evidence." *Cullen*, 195 S.W.3d at 698.

In this case, the issue is whether the arresting officer had reasonable suspicion to initiate a traffic stop on Hartley. The officer who initiated the stop did not testify at the suppression hearing.[1] Consequently, the State relied on other evidence to prove reasonable suspicion, specifically an audio recording of a 911 call in which the caller reported that he had

---

[1] Instead, the State called an officer who did not observe the stop but arrived at the scene shortly after the stop had been made. This officer was the sole witness to testify at the hearing.

observed Hartley driving recklessly on the road (State's Exhibit 1), and police video recordings of the traffic stop and arrest of Hartley (State's Exhibits 2, 3, and 4). However, the record reflects that the State did not play these exhibits in their entirety at the hearing, which was conducted via Zoom, and it is unclear which portions of the recordings the trial court considered when making its findings.[2] Although the prosecutor at the hearing specified the times when she started and stopped the recordings,[3] the recordings were admitted in their entirety, and some of the trial court's findings suggest that it might have considered portions of the recordings that were not played at the hearing.

To avoid having to make assumptions as to which portions of the recordings the trial court considered, we must abate this appeal a second time and remand for additional findings related to the recordings. On remand, the trial court should specify, using time markers, which portions of each recording it considered. This includes State's Exhibit 1, the 911 call. Although the trial court already made some findings related to the call when the appeal was abated the first time, it did not specify which portions of State's Exhibit 1 it considered in making those findings. If it considered State's Exhibit 1 (or any other exhibit) in its entirety, the trial court should expressly state that in its findings.

---

[2] The trial court granted the motion to suppress at the conclusion of the hearing but made its findings of fact and conclusions of law later.

[3] At the hearing, the prosecutor stated that she started playing State's Exhibit 1 at "zero minutes and zero seconds" and stopped it at the 1:07 minute mark. She started playing State's Exhibit 2 at the 7:00 minute mark and stopped it at the 10:01 minute mark. She started playing State's Exhibit 3 at the 13:30 minute mark, paused it at the 15:39 minute mark, resumed it at the 18:59 minute mark, and stopped it at the 21:55 minute mark. It is unclear from the record precisely when the prosecutor began playing State's Exhibit 4, but she stated that she was playing the recording for the purpose of showing Hartley's performance on the walk-and-turn test, which began at approximately the 15:00 minute mark. The prosecutor stated that she stopped playing State's Exhibit 4 at the 17:59 minute mark.

We abate the appeal and remand the case to the trial court to make additional fact findings and conclusions of law consistent with this order. *See Elias*, 339 S.W.3d at 676-77; *see also* Tex. R. App. 44.4. A supplemental clerk's record containing the additional findings shall be filed with this Court by April 8, 2022. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Justices Goodwin, Baker, and Triana

Abated and Remanded

Filed: March 9, 2022

Do Not Publish