

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00201-CR

THE STATE OF TEXAS, APPELLANT

V.

MASON LEBLANC, APPELLEE

On Appeal from the County Court at Law
Comal County, Texas
Trial Court No. 2021CR0785, Honorable Randy C. Gray, Presiding

October 17, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

In the present appeal, the State has filed a Motion to Abate and requests a remand of this matter to Comal County Court at Law Number One for making additional findings of fact and conclusions of law. Mason LeBlanc is charged with the offense of Driving While Intoxicated. Following a hearing on LeBlanc's motion to suppress, the trial court signed an order granting the motion to suppress on May 24, 2022. After the State filed its notice of appeal, as well as a motion for reconsideration and request for findings of fact and conclusions of law, the trial court filed findings and conclusions on June 23, 2022.

The State then requested "additional or amended" findings and conclusions; the trial court denied and struck the State's motion on the motion of LeBlanc on July 11, 2022. Two days later, the State objected to LeBlanc's motion to strike and the trial court's order.

In *State v. Cullen*, the Texas Court of Criminal Appeals held that even if a statute does not otherwise provide for the issuance of findings, a party who loses on a motion to suppress is entitled to findings of fact upon request. *Haskell v. State*, No. AP-77,091, 2022 Tex. Crim. App. LEXIS 522, at *1 (Tex. Crim. App. Aug. 24, 2022) (per curiam) (citing 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). Because appellate courts should not "presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing," it is essential that the trial court make findings of fact and conclusions of law that are complete and unambiguous.[1] *Mendoza*, 365 S.W.3d at 671. The Court of Criminal Appeals explained in *Cullen*:

> Without findings of fact and conclusions of law, the court of appeals was left in the undesirable position of having to make assumptions about the reasons for the trial court's decision. [Texas Rule of Appellate Procedure] 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling. While Rule 44.4 remedies the problem in this case, the efficient administration of justice will be served by a requirement that trial judges respond to a request for findings of fact and conclusions of law. Effective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. **By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts**.

---

[1] The Court of Criminal Appeals also notes that a trial court's inclusion of "weasel words" can create ambiguity and make it impossible to determine the basis for the court's decision. *State v. Mendoza*, 365 S.W.3d 666, 672 (Tex. Crim. App. 2012).

195 S.W.3d at 698–99 (alteration and emphasis added). The court elaborated that these findings "need to be recorded in some way" – i.e., they may be presented orally or in writing. *Id.* at 699; *Mendoza*, 365 S.W.3d at 670.

In the present appeal, the motion states without detail: "The State is entitled to essential and potentially dispositive findings of fact and conclusions of law in the instant appeal." The trial court, however, did make findings of fact and conclusions of law. What is missing from the State's motion is an identification of which findings and conclusions it believes to be incomplete or ambiguous. If we heed *Mendoza's* instruction that we should not "presume, assume, or guess at what historical facts" the trial judge found, we likewise should not presume, assume, or guess what findings might be "essential and potentially dispositive" of the State's yet-to-be-presented issues on appeal. Our powers as an appellate court do not include clairvoyance.

Nevertheless, we find that this matter must be abated and remanded for a different reason: the trial court's order does not say what evidence is being suppressed. LeBlanc's motion sought to suppress "the State's propounded [Horizontal Gaze Nystagmus] test results," "the blood results in this case," and "any tangible evidence seized in connection with this case that was seized without probable cause or other lawful authority in violation of" Defendant's rights under numerous federal and state constitutional provisions. The trial court's May 24, 2022 order simply says that "said motion is hereby GRANTED in whole." What is missing from the trial court's order is any identification of what evidence is being suppressed. We are unable to determine whether the relevant evidence and law supports the trial court's order if we cannot distinguish the evidence being suppressed from that which is not being suppressed. Under TEX. R. APP. P. 44.4(b), we are required

3

to direct the trial court to correct remediable error that prevents the proper presentation of the case to the court of appeals.

Accordingly, we abate this appeal and remand the cause to the trial court. Within twenty days after this matter is remanded, the trial court shall modify the May 24, 2022 order to specifically identify the items of evidence and testimony that will not be admissible at trial because of its suppression ruling. If the trial court believes that additional findings of fact or conclusions of law are essential in light of this order, it shall make such findings and conclusions at the time that it modifies its order. The court shall then file its modified order, along with any findings of fact and conclusions of law and provide the State and Appellee with a copy. Within twenty days after receipt of the modified order and any findings or conclusions by the trial court, the State shall submit such documents to this Court via a supplemental clerk's record.

The State's motion to remand for additional findings and conclusions is denied without prejudice to refiling. The parties' briefing deadlines are suspended until further order of the Court.

Per Curiam

Do not publish.