# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00820-CR

**The State of Texas, Appellant**

**v.**

**Stephen Mercantel, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
NO. C-1-CR-16-202586, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Stephen Mercantel was charged by information and complaint with driving while intoxicated. *See* Tex. Penal Code § 49.04. In a pre-trial hearing, Mercantel moved to have the underlying Intoxilyzer breath test results suppressed on the basis that the test was involuntary due to coercion by the arresting officer. The trial court granted the motion and suppressed the breath test results. In its appeal, the State has filed a motion to abate the appeal and remand the cause to the trial court so that it can make findings of fact and conclusions of law.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*,

195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011), including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing, *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *Mendoza*, 365 S.W.3d at 671. Moreover, "Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling." *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).

Accordingly, we grant the State's motion, abate the appeal, and remand the cause to the trial court so that it may make findings of fact and conclusions of law pertaining to its granting of Mercantel's motion to suppress. A supplemental clerk's record containing those findings of fact and conclusions of law shall be filed with this Court no later than February 3, 2017. This appeal will be reinstated once the supplemental clerk's record is filed.

It is ordered January 4, 2017.


Before Justices Puryear, Pemberton, and Goodwin

Abated and Remanded

Filed: January 4, 2017

Do Not Publish

2