

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00169-CR

STEPHANIE J. TYLER AKA                                            APPELLANT
STEPHANIE J. JOHNSON

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1447237D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Stephanie J. Tyler, a/k/a Stephanie J. Johnson, appeals from her conviction of possession of more than 4 but less than 200 grams of methamphetamine. In two issues, Tyler argues that the trial court erred by denying her pretrial motion to suppress the drugs found in her car after a traffic stop (1) because the State had produced no evidence until the trial court posed direct questions to the arresting officer connecting her to the traffic stop,

[1]*See* Tex. R. App. P. 47.4.

detention, and arrest and (2) because the length of her detention was unreasonable. Because the totality of the circumstances allowed the trial court to conclude that Tyler was the driver of the car and that the length of detention was not unreasonable, we conclude that the evidence found as a result of the detention and warrantless search was admissible. Thus, we affirm the trial court's denial of her motion to suppress and, accordingly, its judgment.

## I. BACKGROUND

### A. STOP, SEARCH, ARREST, AND MOTION TO SUPPRESS

After Tyler was indicted for possession of methamphetamine that was found after a traffic stop in the car she was driving, she filed a motion to suppress the drug evidence arguing that the search and seizure were not based on probable cause and, therefore, violated the federal and state constitutions and the code of criminal procedure. *See* U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. art. 38.23(a) (West 2018). After the jury was selected and sworn, the trial court held a hearing on Tyler's motion.

The State's only witness was the arresting officer, Jacob Hinz. He testified that while on patrol with Officer R. Sparks on November 8, 2015, at 8:24 p.m., Hinz saw a Jaguar run a stop sign. Approximately one minute later, he pulled the car over and, using a flashlight, approached the driver's side window. The driver, who was alone in the car except for her dog, did not have any identification. The driver identified herself as Tyler and gave her date of birth. Hinz asked Tyler about any prior arrests to help in verifying her identity and to assess her

2

credibility, and Tyler admitted she previously had been arrested for possession of methamphetamine.

Hinz wrote down the information Tyler gave him and handed it to Sparks, who returned to the patrol car to verify her identity. Hinz noticed that Tyler was nervous, was breathing heavily, had trembling hands, and kept her left hand hidden by the driver's door. This, along with her admission of a prior drug arrest, led Hinz to believe that Tyler was either concealing a weapon or contraband. Hinz asked Tyler to get out of her car and when she did, he saw a blue Ziploc bag in the pocket of the driver's side door, containing a "clear crystallized substance" that Hinz believed to be methamphetamine. Hinz estimated that the elapsed time between pulling Tyler over and asking her to get out of the car was approximately two or three minutes. Hinz arrested Tyler at 8:30—six minutes after seeing her run the stop sign. He then conducted a "probable cause search" of the car and found a credit card in Tyler's name and "additional methamphetamine" in a purse on the passenger seat.

After Hinz finished his testimony, the trial court "recall[ed]" him to ask questions clarifying the amount of time that elapsed between the stop and the seizure. The trial court also stated on the record that Tyler and the State had stipulated that Tyler "is the same person that was operating the vehicle on the day in question." Tyler then testified and admitted that she was the driver of the car Hinz had pulled over but denied that she ran the stop sign.

3

## B. TRIAL COURT'S RULING

The trial court denied Tyler's motion after making several oral findings of fact and conclusions of law:

> The Court hereby denies the Defendant's Motion to Suppress on the grounds stated. And also on the Motion to Suppress, the Court finds that Officer Hinz is highly credible and the officer on November 8th, 2015 at 8:00 p.m. initiated a stop of a jaguar . . . . The vehicle operated in and violated a stop sign by a failure to stop and yield as required under Texas Transportation Code, Section 544.010, failing to stop and yield at signs.

> Accordingly, the officer initiated the stop, at which point the officer observed the furtive movements of the Defendant and contemporaneously, given the hour of the evening and that the officer approached the driver identified as the Defendant, she was not in possession of a drivers' license, asking her information that was reasonable to identify the operator of the vehicle. And, therefore, based upon the information and the questions asked, verified the information, and during which time, while the things were going on the officer is concerned about his officer safety and/or his safety and that of his partner, who is Officer Sparks.

> Officer Hinz, observing . . . a baggy containing a crystal-like substance, then placed the Defendant under arrest, as an item that he has recognized in the past as a trained law enforcement officer. And accordingly, the . . . subsequent search was on the basis of an arrest or search subject to an arrest and, thereby, a search of the pocketbook, the wallet, in possession of the defendant, also containing additional contraband was seized at that time. Therefore, it is the Court's conclusion the testimony will all be relevant and may be brought out before the jury. The items that were collected that are not the subject of a tainted search without probable cause or reasonable suspicion that initiated the contact.

> . . . .

> . . . Let me address the standing. It is clear that Ms. Tyler was in possession of the vehicle on the night in question and, therefore, there hasn't been any contravening testimony that . . . she was not

4

in lawful possession of the vehicle. And, therefore, she will have standing to urge this matter.

With regard to the flashlight, it is not necessarily clear to the Court that he used it exclusively for the purpose of examining the vehicle. It was certainly an aid to the officer. And the Court carefully listened to what your cross-examin[ation] was. He does not know whether or not that he could not see [the baggie in the driver's door] without the aid of the flashlight. But given the circumstances of 8:00 p.m. and that being November 8th. That it would have been late in the evening. I don't know what the ambient light conditions were, but based upon the testimony, he used the benefit of a flashlight to conduct a search. And at that point it was a search because she was already taken out of the vehicle and that she was being detained at that time. And so that was based upon the furtive movements of and seeing if anything was in the lunge zone. Therefore, it seems reasonable to the Court and the duration being a total of six minutes. . . . [T]he Court concludes it was reasonable overall.

At trial, the jury heard testimony about the methamphetamine found in the car after the traffic stop. The jury found Tyler guilty, and the trial court assessed her punishment at eight years' confinement.

## C. APPELLATE ARGUMENTS

Tyler argues that the trial court erred by denying her motion to suppress because the State failed to carry its burden to connect her to the traffic stop, detention, or arrest and failed to establish that the length of detention was reasonable, rendering the drug evidence inadmissible.

## II. DISCUSSION

## A. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review, giving almost total deference on any historical-fact

and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor and reviewing de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). A trial court's findings may be written or oral. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Accordingly, even if neither party requested written findings of fact and conclusions of law and none were filed, we may consider oral findings of fact to be entered of record and given due deference if, as is true in this case, it is apparent from the record that the trial court intended its findings and conclusions to be expressed through its oral pronouncements. *See State v. Varley*, 501 S.W.3d 273, 277–78 (Tex. App.—Fort Worth 2016, pet. ref'd).

## B. CONNECTION TO TYLER

Tyler first argues that the State failed to carry its burden of proof "regarding identity" and, thus, did not "make the necessary connection between the search and [Tyler]." Tyler admits that the State showed she was driving the car that Hinz pulled over but she contends that the State "did not present any evidence during its suppression case-in-chief connecting [her] to the facts of the traffic stop, the arrest, any plain view observations, or the subsequent search of the

6

car." The evidence before the trial court showed, however, that Tyler was the only occupant of the car other than "a small dog." And if Tyler were correct and there were no facts "connecting" the drugs to her, she arguably would not have had standing to seek suppression of the drugs. *See, e.g.*, *Kothe v. State*, 152 S.W.3d 54, 59–62 (Tex. Crim. App. 2004) (discussing standing to challenge search as a result of unreasonable detention).

We agree with the State that Tyler apparently conflates the question of whether the drugs were sufficiently connected to her as the driver of the car, which is a guilt-innocence issue, with the question of whether the officer was authorized to search the car without a warrant. *See, e.g.*, *Small v. State*, Nos. 02-15-00275-CR, 02-15-00276-CR, 2016 WL 5845925, at *2–3 (Tex. App.—Fort Worth Oct. 6, 2016, pet. ref'd) (mem. op., not designated for publication) (recognizing, in review of evidence to support possession conviction, that if defendant is "not in exclusive possession of the place where the substance is found, additional independent facts and circumstances must connect the defendant to the contraband"). In any event, Tyler stipulated that she was the driver of the car that Hinz stopped on November 8, 2015, Tyler testified that she was driving the car that Hinz stopped, and Hinz testified that she was the only occupant.

Tyler argues that the trial court could not consider the stipulation and testimony that she was the lone occupant of the car because this evidence was not elicited during the State's presentation of its evidence at the hearing but

7

rather was a result of the trial court's questions. Tyler does not argue that it was error for the trial court to ask questions at the hearing. Such questioning was permissible and, importantly, Tyler did not object to the trial court's conducting its own examination of Hinz. *See Badillo v. State*, Nos. 07-07-0081-CR, 07-07-0082-CR, 07-07-0083-CR, 2009 WL 425149, at *4–5 (Tex. App.—Amarillo Feb. 20, 2009, no pet.) (mem. op., not designated for publication). We find no authority, and Tyler cites none, to support her argument that the trial court was restricted to evidence elicited by a State witness and in response to the State's questioning. *Cf.* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006) (allowing trial court in its discretion to determine motion to suppress by hearing based on motions, opposing affidavits, or oral testimony). Indeed, the trial court's suppression determination is based on the totality of the circumstances presented, not the circumstances as solely presented by the State. *See State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011). We overrule issue one.

### C. LENGTH OF DETENTION

In her second issue, Tyler asserts that the length of her detention was unreasonable. A traffic stop is a detention and must, therefore, be reasonable. *See Davis v. State*, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997). To be deemed reasonable, a traffic stop "must be temporary and last no longer than necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983) (plurality op.). Because there is no rigid time limit for reasonableness, the issue is "whether the police diligently pursued a means of investigation that was

8

likely to confirm or dispel their suspicions quickly." *United States v. Sharpe*, 470 U.S. 675, 685–86 (1985); *see United States v. Place*, 462 U.S. 696, 709 n.10 (1983). The "tolerable duration" of a stop "is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015) (internal citation omitted). Reasonableness is an objective inquiry based on the totality of the circumstances.[2] *See Ohio v. Robinette*, 519 U.S. 33, 39 (1996).

Hinz's initial detention of Tyler was reasonable based on the traffic violation he saw. *See Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Hinz then asked Tyler questions about her name, address, and past arrest history because she did not have any identification, which were permissible inquiries related to public safety. *See Rodriguez*, 135 S. Ct. at 1614–16; *Kothe*, 152 S.W.3d at 64 n.36. During these questions, Hinz noted that Tyler was nervous and was hiding her left hand near the driver's door. This behavior justified prolonging or continuing the detention. *See Rodriguez*, 135 S. Ct. at 1614–15; *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011); *Martinez v. State*, 500 S.W.3d 456, 468 (Tex. App.—Beaumont 2016, pet. ref'd); *Kelly v. State*, 331 S.W.3d 541, 549–50 (Tex. App.—Houston [14th Dist.] 2011,

---

[2]As in her first issue, Tyler argues that the trial court could not consider any facts regarding the length of the detention that were a result of the trial court's questions. We disagree for the reasons previously stated.

9

pet. ref'd). Under the totality of these circumstances, we hold that the evidence supported the trial court's fact findings and, therefore, that the trial court did not err by concluding that the length of the approximately six-minute detention was reasonable. *See, e.g.*, *Wolfe v. State*, No. 02-16-00308-CR, 2018 WL 1095537, at *7 (Tex. App.—Fort Worth Mar. 1, 2018, pet. filed) (mem. op., not designated for publication); *Bolle v. State*, No. 05-16-01127-CR, 2017 WL 3574800, at *4–5 (Tex. App.—Dallas Aug. 18, 2017, no pet.) (mem. op., not designated for publication); *Cheeks v. State*, No. 06-08-00142-CR, 2009 WL 211763, at *4 (Tex. App.—Texarkana Jan. 30, 2009, no pet.) (mem. op., not designated for publication). We overrule issue two.

## III. CONCLUSION

The trial court did not err by denying Tyler's motion to suppress. We overrule her issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 2, 2018