# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00839-CR

**The State of Texas, Appellant**

**v.**

**Michael Lance Wood, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 78725, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Following a traffic stop, Michael Lance Wood was arrested and charged with driving while intoxicated. *See* Tex. Penal Code § 49.04. After being charged, Wood filed a motion to suppress evidence obtained during the traffic stop. The district court granted the motion after convening a hearing. The State appealed the district court's order and filed a motion requesting the district court to issue findings of fact and conclusions of law related to its ruling. *See* Tex. Code Crim. Proc. art. 44.01(a)(5). The record before this Court does not contain any findings of fact or conclusions of law regarding the motion to suppress.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v.*

*Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011), including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing, *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *Id.* at 671. Moreover, "Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling." *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).

Accordingly, we abate the appeal and remand the cause to the district court so that it may make findings of fact and conclusions of law pertaining to its granting of Wood's motion to suppress. The district court is instructed to file with this Court a supplemental clerk's record containing those findings of fact and conclusions of law no later than April 29, 2019. *See* Tex. R. App. P. 34.5(c). This appeal will be reinstated once the supplemental clerk's record is filed.

It is so ordered March 29, 2019.


Before Justices Goodwin, Baker, and Triana

Abated and Remanded

Filed: March 29, 2019

Do Not Publish

2