# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00149-CR

**Jose Salvador Aguilar, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2016CR1020, THE HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jose Salvador Aguilar was convicted of driving while intoxicated. *See* Tex. Penal Code § 49.04. Prior to trial, Aguilar filed a motion to suppress evidence obtained during a traffic stop. The district court denied the motion after hearing argument from the parties. Following his conviction, Aguilar filed a motion requesting the district court to issue findings of fact and conclusions of law related to its ruling on his motion to suppress. The record before us does not contain any findings of fact and conclusions of law regarding the motion to suppress, and Aguilar has filed a motion asking this Court to abate the appeal and remand the case in order to allow the district court to prepare findings of fact and conclusions of law supporting its ruling.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court

with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *State v. Mendoza*, 365 S.W.3d 666, 671 (Tex. Crim. App. 2012). Moreover, "Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling." *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).

Accordingly, we abate the appeal and remand the cause to the district court so that it may make findings of fact and conclusions of law pertaining to its denial of Aguilar's motion to suppress. The district court is instructed to file with this Court a supplemental clerk's record containing those findings of fact and conclusions of law no later than January 6, 2020. *See* Tex. R. App. P. 34.5(c). This appeal will be reinstated once the supplemental clerk's record is filed.

It is so ordered December 6, 2019.


Before Justices Goodwin, Baker, and Kelly

Abated and Remanded

Filed: December 6, 2019

Do Not Publish