

# NUMBER 13-19-00425-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellant,** |

**v.**

| | |
|---|---|
| **BUDDY GENE MARTIN,** | **Appellee.** |

### On appeal from the 156th District Court of Bee County, Texas.

# ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Order Per Curiam

This cause is before the Court on the record and the State's initial and supplemental brief challenging the trial court's dismissal with prejudice of the State's indictment against appellee Buddy Gene Martin.

"In reviewing the dismissal of an indictment, the appellate court must review the trial court's ruling under a bifurcated standard." *State v. Krizan-Wilson*, 354 S.W.3d 808,

815 (Tex. Crim. App. 2011). "The court of appeals must give almost total deference to a trial court's findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness." *Id.* "However, the court of appeals applies a *de novo* standard of review to pure questions of law and mixed questions that do not depend on the credibility determinations."

Upon review of the record, we note that the basis for the trial court's decision to dismiss with prejudice the indictment against appellee is unclear. Appellee presented vague arguments in his motion and at the hearing on the motion and complained of multiple actions by the State, and the trial court did not specify what constitutional violation occurred or what acts underscored the constitutional violation it found. Further, neither party requested, nor did the trial court issue, findings of fact and conclusions of law.

The "courts of appeals should not be forced to make assumptions (or outright guesses)" about the reasons for a trial court's ruling. *See State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (discussing its holding in the motion-to-suppress context). In this case, doing so would not do substantial justice to the parties. *See* TEX. R. APP. P. 31.2; *see also Ex parte Garcia*, No. 13-14-00501-CR, 2016 WL 454997, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 4, 2016, no pet.) (mem. op., not designated for publication).

As such, we order the trial court to make findings of fact and conclusions of law to clarify its basis for the grant of the motion to dismiss with prejudice. *See* TEX. R. APP. P. 31.3 ("The appellate court will render whatever judgment and make whatever orders the law and nature of the case require."); *see also Ex parte Taylor*, No. 02-20-00010-CR, 2020 WL 1963788, at *9 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op., not

designated for publication); *Ex parte Garcia*, 2016 WL 454997, at *3. Those matters shall be included in a supplemental clerk's record to be filed with the clerk of this Court. Accordingly, we withdraw our previous submission of this case on the briefs on August 26, 2020; ABATE this appeal; and REMAND for entry of findings of fact and conclusions of law and for supplementation of the clerk's record. The supplemental record shall be filed with this Court within 30 days from the date of this order.

The appeal will be reinstated upon receipt of the supplemental record and upon further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 4th
day of September, 2020.