# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00221-CR

**The State of Texas, Appellant**

**v.**

**Sotero Hector Ramirez, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
### NO. 46,965, THE HONORABLE BARBARA MOLINA, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State appeals from the trial court's pre-trial order granting Sotero Hector Ramirez's motion to suppress certain evidence. *See* Tex. Code Crim. Proc. 44.01(a)(5). The State has now filed a motion to abate the appeal and remand the cause to the trial court for entry of findings of fact and conclusions of law.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Those findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex.

Crim. App. 2011), including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing, *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). When a trial court fails to make such findings of fact and conclusions of law, we are authorized to abate the appeal and remand the cause to the trial court for entry of "essential findings." *See Elias*, 339 S.W.3d at 677 (citing Tex. R. App. P. 44.4).

Before filing its notice of appeal, the State filed a request for the trial court to issue findings of fact and conclusions of law related to its ruling on Ramirez's motion to suppress. The record before us does not contain findings of fact and conclusions of law. Accordingly, we grant the State's motion, abate the appeal, and remand the cause to the trial court so that it may enter findings of fact and conclusions of law. A supplemental clerk's record containing those findings of fact and conclusions of law shall be filed with this Court no later than July 18, 2022. This appeal will be reinstated once the supplemental clerk's record is filed.

It is so ordered June 17, 2022

Before Chief Justice Byrne, Justices Kelly and Smith

Abated and Remanded

Filed: June 17, 2022

Do Not Publish

2