# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00742-CR

---

**Mark Jason Normand, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. CR2021-418D, THE HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

---

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

Mark Jason Normand was charged with possessing at least four grams but less than 200 grams of a controlled substance (heroin). *See* Tex. Health & Safety Code §§ 481.102, .115(d). The indictment included an enhancement paragraph alleging that he had previously been convicted of a felony offense. *See* Tex. Penal Code § 12.42. After being charged, Normand filed a motion to suppress the evidence seized during his detention. The trial court denied the motion, and Normand filed a motion requesting that the trial court issue findings of fact and conclusions of law supporting its ruling. Following the trial court's denial of his motion, Normand entered a plea-bargain agreement and pleaded true to the enhancement allegation. The trial court sentenced him to twenty years' imprisonment. *See id.* §§ 12.32, .42. Normand appealed the trial court's suppression ruling. The record before this Court does not contain any findings of fact or conclusions of law, and Normand has filed a motion to abate the

appeal and remand the case to the trial court to allow the trial court to enter findings and conclusions related to its ruling.

The Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings," *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011), including "explicit credibility determination[s]," *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *Id.* at 671. Moreover, "Rule 44.4 authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling." *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).

Accordingly, we grant Normand's motion, abate the appeal, and remand the cause to the trial court so that it may make findings of fact and conclusions of law pertaining to its denial of Normand's motion to suppress. The trial court is instructed to file with this Court a supplemental clerk's record containing those findings of fact and conclusions of law no later than January 29, 2024. *See* Tex. R. App. P. 34.5(c). This appeal will be reinstated once the supplemental clerk's record is filed.

2

Before Justices Baker, Triana, and Smith

Abated and Remanded

Filed:   December 28, 2023

Do Not Publish