# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00650-CR

**Jeffrey Shaw, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 483RD DISTRICT COURT OF HAYS COUNTY
### NO. CR-21-4393-C, THE HONORABLE TANNER NEIDHARDT, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Jeffrey Shaw was charged with the offense of possession of a controlled substance. *See* Tex. Health & Safety Code § 481.116(d). After the trial court denied Shaw's motion to suppress evidence, he pleaded guilty to the charged offense, and the trial court placed him on deferred-adjudication community supervision. Shaw then filed a motion requesting that the trial court issue findings of fact and conclusions of law related to its ruling on his motion to suppress. The record before us does not contain any findings of fact and conclusions of law regarding the motion. Shaw has filed a motion asking this Court to abate the appeal and remand the case in order to allow the district court to prepare findings of fact and conclusions of law supporting its ruling.

The Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court

defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011). Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *State v. Mendoza*, 365 S.W.3d 666, 671 (Tex. Crim. App. 2012). Moreover, "Rule 44.4 authorizes court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling." *Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.4).

Accordingly, we abate the appeal and remand the cause to the district court so that it may make findings of fact and conclusions of law pertaining to its denial of Shaw's motion to suppress. The district court is instructed to file with this Court a supplemental clerk's record containing those findings of fact and conclusions of law no later than February 23, 2024. *See* Tex. R. App. P. 34.5(c). This appeal will be reinstated once the supplemental clerk's record is filed.

It is so ordered January 26, 2024

Before Justices Baker, Triana, and Kelly

Abated and Remanded

Filed: January 26, 2024

Do Not Publish